UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 18 Cr. 333 (JGK) |
| v. | : | |
| AKSHAY AIYER, | : | |
| Defendant. | : | |

-------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT
CONCERNING "SPOOFING" OR CANCELLED TRADES**

WILLKIE FARR & GALLAGHER LLP
Martin Klotz
Joseph T. Baio
Jocelyn M. Sher
Samuel M. Kalar
787 Seventh Avenue
New York, New York 10019
T: (212) 728-8000

*Attorneys for Defendant Akshay Aiyer*

## TABLE OF CONTENTS

**Page**

STATEMENT OF FACTS ...........................................................................................................1

ARGUMENT ...................................................................................................................................2

I.  Evidence Concerning Spoofing Or Cancelled Trades Is Not Relevant To The Alleged Sherman Act Conspiracy ......................................................................................2

II. Even If Evidence Of Spoofing And Cancelled Trades Were Relevant, It Should Be Excluded Under Rule 403 As Unduly Prejudicial, Confusing, And Misleading ...........4

CONCLUSION ................................................................................................................................5

## TABLE OF AUTHORITIES

Case                                                                                                                   Page(s)

*Apex Oil Co. v. DiMauro*,
    713 F. Supp. 587, 594 (S.D.N.Y. 1989) ............................................................................ 3

*Commodity Futures Trading Comm'n v. Zelener*,
    No. 03 C 4346, 2003 WL 22284295 (N.D. Ill. Oct. 3, 2003),
    *aff'd*, 373 F.3d 861 (7th Cir. 2004) .................................................................................. 2

*United States v. Curley*,
    639 F.3d 50, 62 (2d Cir. 2011) ........................................................................................... 4

*United States v. Gotti*,
    457 F. Supp. 2d 395, 400 (S.D.N.Y. 2006) ........................................................................ 4

*United States v. Milrud*,
    No. 15-cr-455 (D.N.J.) ........................................................................................................ 2

*United States v. Morgan*,
    786 F.3d 227, 232 (2d Cir. 2015) ....................................................................................... 5

*United States v. Smith*,
    727 F.2d 214, 220 (2d Cir. 1984) ....................................................................................... 4


Statutes, Rules and Regulations

7 U.S.C. § 2(c)(1) ........................................................................................................................ 2

7 U.S.C. § 6c(a)(5)(C) ................................................................................................................. 2

Fed. R. Evid. 401 ......................................................................................................................... 2

Fed. R. Evid. 402 ......................................................................................................................... 2

Fed. R. Evid. 403 ......................................................................................................................... 4


Other Authorities

FEDERAL TRADE COMMISSION AND U.S. DEPARTMENT OF JUSTICE ANTITRUST DIVISION:
ANTITRUST GUIDELINES FOR COLLABORATIONS AMONG COMPETITORS (Apr. 2000) ...................... 3

Defendant Akshay Aiyer respectfully submits this Memorandum of Law in support of his Motion *in Limine* to Exclude Evidence or Argument Concerning "Spoofing" or Cancelled Trades.

## STATEMENT OF FACTS

The Government's preliminary exhibit list includes a limited number of sporadic instances of so-called "spoofing" on the Thompson Reuters electronic interdealer trading platform ("Reuters"). Spoofing is the practice of a trader placing a better-than-market order that he or she does not actually want to execute with the goal of eliciting additional orders on the same side of the market at even more favorable prices. Although a trader hopes that his or her spoof bids or offers are not transacted upon, and hopes to withdraw them after additional orders enter the market, the transactions must be honored if they are accepted by another counterparty. In certain circumstances, spoofing may be illegal in the trading of securities or commodities, but the anti-spoofing statute explicitly exempts the FX spot market.

The Government's exhibit list also includes a limited number of instances from 2011 in which two Rand Chat Room participants agreed to engage in, and then cancel, small spot transactions on Reuters. The Government apparently contends that these cancelled trades were intended to send a false price signal to the market.

Mr. Aiyer moves under Federal Rules of Evidence 401, 402, 403, and 404(b) to exclude evidence and argument that: 1) Mr. Aiyer, either alone or in combination, engaged in spoofing or cancelled trades; or 2) spoofing or the cancelled trades identified by the Government's exhibit list are illegal or improper.

**ARGUMENT**

I.  **Evidence Concerning Spoofing Or Cancelled Trades Is Not Relevant To The Alleged Sherman Act Conspiracy.**

Evidence concerning spoofing or cancelled trades should be excluded because it is irrelevant to the charged criminal antitrust conspiracy. "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

As an initial matter, the federal prohibition on spoofing specifically exempts FX trading. Since the enactment of the Dodd-Frank Act in 2010, federal law has prohibited spoofing in the trading of commodities. In this context, spoofing is defined as the practice of "bidding or offering with the intent to cancel the bid or offer before execution." 7 U.S.C. § 6c(a)(5)(C). Extreme forms of spoofing in securities trading have been charged as criminal fraud on some occasions. *E.g.* Plea Agreement at 1, *United States v. Milrud*, No. 15-cr-455 (D.N.J. September 10, 2010), ECF No. 25. The Dodd-Frank Act prohibition against spoofing, however, does not apply to the FX market. 7 U.S.C. § 2(c)(1) ("[N]othing in this chapter . . . governs or applies to an agreement, contract, or transaction in … foreign currency. . . ."); *see also Commodity Futures Trading Comm'n v. Zelener*, No. 03-cv-4346, 2003 WL 22284295, at *5 (N.D. Ill. Oct. 3, 2003) ("[T]he [FX] trading in question . . . [was] not subject to the [CEA's] anti-fraud provisions."), *aff'd*, 373 F.3d 861 (7th Cir. 2004). FX traders use the term "spoofing" loosely to describe a wide variety of common behaviors, not all of which parallel the Dodd-Frank Act definition of the term. Thus, evidence of spoofing is not probative of even general wrongdoing in the FX market.

Notably, Mr. Aiyer is not charged with spoofing or executing cancelled trades. Although it addresses other trading activity, the Indictment is silent on these behaviors, and does not allege

that Mr. Aiyer engaged in spoofing or cancelled trades in furtherance of the charged conspiracy. By contrast, both Mr. Katz and Mr. Cummins were expressly charged with "enter[ing] into non-bona fide trades among themselves" and then "cancel[ling] these non-bona fide trades." Information ¶¶ 15(a), 15(b), *United States v. Cummins*, No. 1:17-cr-00026 (S.D.N.Y. Jan. 12, 2017), ECF No. 2; Information ¶¶ 15(a), 15(b), *United States v. Katz*, No. 17-cr-00003 (S.D.N.Y. Jan. 4., 2017), ECF No. 2.

The omission of spoofing and cancelled trades from the Indictment underscores the fact that the Government's evidence that Mr. Aiyer engaged in this conduct—which, if it occurred, was infrequent, limited to the interdealer market, and not sustained—is separate and distinct from the charged Sherman Act conspiracy. Sherman Act violations "tend to raise price or reduce output." FEDERAL TRADE COMMISSION AND U.S. DEPARTMENT OF JUSTICE ANTITRUST DIVISION: ANTITRUST GUIDELINES FOR COLLABORATIONS AMONG COMPETITORS, at 3 (Apr. 2000). The spoofing and cancelled trades at issue were trade execution strategies that cannot plausibly have had the effect of raising prices or reducing output. Spoof bids and offers were, necessarily, the most competitive orders in the market and were capable of being traded upon, and thereby increased competitive market activity. Spoof bids and offers also increased the number of trading participants and the volume of currency trading in the market, which is contrary to the intent or effect of a Sherman Act conspiracy. While the Government may consider the spoofing and cancelled trades to be deceptive, evidence of these behaviors is of no consequence in proving or disproving the existence of a Sherman Act conspiracy. *Apex Oil Co. v. DiMauro*, 713 F. Supp. 587, 595 (S.D.N.Y. 1989) ("acts that may be tortious, fraudulent, or violative of contracts between the parties do not, without more, fall within the ken of the antitrust laws.").

## II. Even If Evidence Of Spoofing And Cancelled Trades Were Relevant, It Should Be Excluded Under Rule 403 As Unduly Prejudicial, Confusing, And Misleading.

Even if evidence of spoofing and cancelled trades were tangentially relevant as other act evidence, or for illustrating the relationship between the alleged coconspirators, Rule 403 would call for its exclusion. Rule 403 authorizes the exclusion of relevant evidence when "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, these concerns outweigh any possible probative value associated with evidence of spoofing and cancelled trades.

Evidence should be excluded when it is likely to confuse the issues for the jury. *United States v. Gotti*, 457 F. Supp. 2d 395, 400 (S.D.N.Y. 2006). If the Government presents evidence and argument regarding the impropriety of spoofing and cancelled trades, the jury may be confused into thinking that these behaviors fall under the umbrella of the illegal conduct alleged by the Indictment. Additionally, admitting this evidence could lead to an unnecessary mini-trial on the propriety of these trade execution strategies.

Evidence of spoofing and cancelled trades should also be excluded as prejudicial. Under Rule 403, evidence is unfairly prejudicial if it is "likely to arouse irrational passions" or if it is "more sensational . . . than the charged crime." *United States v. Curley*, 639 F.3d 50, 62 (2d Cir. 2011) (more sensational); *United States v. Smith*, 727 F.2d 214, 220 (2d Cir. 1984) (irrational passions). Both of these concerns apply here.

Spoofing and cancelled trades are more sensational than the charged crime because they suggest deliberate misrepresentation or fraud, which is easier to understand and thus more likely to be considered blameworthy than an antitrust violation. Moreover, jurors may be aware that federal law prohibits spoofing in some contexts. *Supra*, at 1. If jurors receive evidence and

argument concerning spoofing and cancelled trades, and if they believe these behaviors occurred, they may be inclined to punish Mr. Aiyer for seemingly fraudulent behavior, regardless of whether they believe he committed the charged antitrust crime.  Thus, evidence of spoofing and cancelled trades should be excluded as unduly prejudicial.  *See, e.g., United States v. Morgan*, 786 F.3d 227, 232 (2d Cir. 2015) (excluding evidence likely to inflame the jury that bore no relation to the crime charged).

## CONCLUSION

For the foregoing reasons, the Court should grant Mr. Aiyer's Motion *in Limine* to Exclude Evidence or Argument Concerning Spoofing or Cancelled Trades.

Dated: July 26, 2019
       New York, New York

By: /s/ Martin Klotz
WILLKIE FARR & GALLAGHER LLP
Martin Klotz
Joseph T. Baio
Jocelyn M. Sher
Samuel M. Kalar
787 Seventh Avenue
New York, New York 10019
T: (212) 728-8000

*Attorneys for Defendant Akshay Aiyer*