**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
             |
UNITED STATES OF AMERICA        |
             |
   v.              |
             |  Case No. 1:18-cr-00333 (JGK)
AKSHAY AIYER,          |
             |
   Defendant.          |
             |
---------------------------------------------------------------x

**THE UNITED STATES' MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE**
**BANK COMPLIANCE POLICIES AND DEFENDANT'S TERMINATION**

The government agrees with Defendant that the key inquiry is whether Defendant knowingly entered into and participated in a combination and conspiracy to suppress and eliminate competition by fixing prices of, and rigging bids and offers for, CEEMEA currencies traded in the United States and elsewhere.  (Mem. Supp. Mot. In Limine at 3, ECF. No. 95.)  The government only plans to present evidence in its case in chief that is relevant to that inquiry, but it reserves the ability to present evidence that rebuts improper defenses that may be advanced by Defendant.

The issue here is that Defendant apparently seeks to present evidence that is irrelevant to whether Defendant knowingly entered into and participated in a price-fixing and bid-rigging conspiracy, such as evidence that Defendant's conduct was common market practice, or that Defendant's supervisors knew of and condoned Defendant's conduct and the similar conduct of others.  Such evidence should be excluded.  (*See* Mem. Supp. United States' Mot. In Limine at 16-22, ECF No. 93.)  To the extent that Defendant puts forth irrelevant evidence or argument that he was not aware that his conduct was wrong, unlawful, or could constitute price fixing and bid rigging; that his employer and supervisors approved of his conduct; or any other similar evidence or argument that opens the door, the government should be entitled to rebut such evidence or argument, including through the use of bank compliance policies[1] and Defendant's termination.  *See United States v. Bilzerian*, 926 F.2d 1285, 1295–96 (2d Cir. 1991) (allowing otherwise inadmissible evidence to rebut false impression created by the defendant); *United States v. Marrale*, 695 F.2d 658, 667 (2d Cir. 1982) ("[A] prosecutor is ordinarily entitled to

---

[1] To the extent the government seeks to admit bank compliance policies to rebut any false impression created by Defendant, the government will lay an adequate foundation regarding the relevance of the evidence to the conspirator at issue.  For example, for bank compliance policies related to Defendant, the government will demonstrate that those policies related to Defendant's business unit during the relevant timeframe.

respond to the evidence, issues, and hypotheses propounded by the defense . . . ."). For example, if Defendant puts forth irrelevant evidence or argument that he did not know his conduct was wrong, unlawful, or could constitute price fixing or bid rigging, the government may present bank compliance evidence that rebuts that notion. For example, the government may introduce evidence that in March 2010, Defendant took "Antitrust & Anti-Tying Compliance Training" at his employer, where the training defined price fixing:

> [A]n agreement among competitor firms to raise, fix, or otherwise maintain the price at which their products or services are sold. Price fixing can take many forms, all of which are strictly prohibited. It is not necessary for competitor firms to agree to charge exactly the same price in order for a price fixing agreement to occur. Any agreement that restricts price competition is illegal . . . ."

The same training explains:

> A prohibited agreement does not need to be in writing for it to be illegal. It does not even need to be an express agreement for it to be illegal. Implied agreements or understandings can create an antitrust violation. The inference of an agreement may arise out of informal conversations, phone calls, e-mails, conferences, and even social occasions. Informal or implied understandings are just as illegal as formal, express agreement.

Likewise, if Defendant puts forth irrelevant evidence or argument that his employer approved or condoned his conduct, the government may present evidence that his employer terminated his employment based, in part, on the conduct charged in this case.

In short, to the extent the Court precludes evidence and argument that Defendant did not know that his conduct was wrong, unlawful, or could constitute price fixing or bid rigging, as well as evidence of supervisor knowledge and approval of Defendant's conduct, this would obviate the need to present evidence of the bank compliance policies and Defendant's termination. If, however, Defendant opens the door to these issues in his opening statement, through cross-examination of government witnesses, or through his own case, the government

2

3

should be permitted to introduce evidence of the relevant compliance policies and Defendant's termination.

Date: August 16, 2019                                  Respectfully submitted,

                                                                                         /s/ David Chu

                                                                                         KEVIN HART
                                                                                          KATHERINE CALLE
                                                                                         DAVID CHU
                                                                                          ERIC HOFFMANN
                                                                                          Trial Attorneys

                                                                                          U.S. Department of Justice
                                                                                          Antitrust Division
                                                                                          26 Federal Plaza, Room 3630
                                                                                          New York, NY 10278
                                                                                          (212) 335-8000