UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 18 Cr. 333 (JGK) |
| v. | : | |
| AKSHAY AIYER, | : | |
| Defendant. | : | |

-------------------------------------------------------x

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO THE UNITED STATES' MOTION IN LIMINE NO. 2 TO ADMIT LAY OPINION TESTIMONY**

WILLKIE FARR & GALLAGHER LLP
Martin Klotz
Joseph T. Baio
Jocelyn M. Sher
Samuel M. Kalar
787 Seventh Avenue
New York, New York 10019
T: (212) 728-8000

*Attorneys for Defendant Akshay Aiyer*

## **TABLE OF CONTENTS**

Page

ARGUMENT ................................................................................................................................. 1

CONCLUSION .............................................................................................................................. 3

## TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page(s)**

*United States v. Garcia*,
    291 F.3d 127, 140 (2d Cir. 2002)......................................................................................2

*United States v. Grinage*,
    390 F.3d 746 (2d Cir. 2004)............................................................................... 1, 2-3

*United States v. Kaplan*,
    490 F.3d 110 (2d Cir. 2007)...........................................................................................3

*United States v. Rea*,
    958 F.2d 1206 (2d Cir. 1992).........................................................................................3

*United States v. Rubin/Chambers, Dunhill Ins. Servs.*,
    828 F. Supp. 2d 698 (S.D.N.Y. 2011)......................................................................... 1-2


**Statutes, Rules and Regulations**

Fed. R. Evid. 701 ....................................................................................................................1

Defendant Akshay Aiyer respectfully submits this Memorandum of Law in Opposition to the United States' Motion in Limine No. 2 to Admit Lay Opinion Testimony.

**ARGUMENT**

The Government seeks a premature advisory opinion permitting its cooperating witnesses—Jason Katz, Chris Cummins, and Nicholas Williams—to opine on the meaning of communications that are central to this case. (ECF No. 93, Government's Motion in Limine No. 2 to Admit Lay Opinion Testimony (the "Motion").) Because the Government has not satisfied the requirements of Federal Rule of Evidence 701, the Court should deny the Government's request. Rule 701 allows a witness to offer a lay opinion when the proponent shows the testimony is rationally based on the witness's perceptions and helpful to determining a fact in issue. Fed. R. Evid. 701. "The burden is on the party wishing to introduce lay opinion testimony to establish the proper foundation." *United States v. Grinage*, 390 F.3d 746, 749 (2d Cir. 2004).

Ignoring this requirement, the Government's Motion requests blanket authority to ask the witnesses to interpret (1) their own statements, (2) statements made by Mr. Aiyer during conversations with the witnesses, (3) statements made by Mr. Aiyer when the witnesses were not present, and, broadly, (4) statements made by Mr. Aiyer and other traders when those other conversations are generally relevant to the charged crime. (Motion at 5.) Mr. Aiyer opposes the Government's Motion as premature in its entirety, and he further opposes the introduction of lay opinion testimony concerning statements made by Mr. Aiyer or other traders when the cooperating witnesses were not present, or Mr. Aiyer's knowledge or intent in making particular statements.

A ruling on the admissibility of lay opinion testimony is not warranted until the Government lays the appropriate foundation at trial for the specific lay opinion testimony it seeks to introduce. *See, e.g.*, *United States v. Rubin/Chambers, Dunhill Ins. Servs.*, 828 F. Supp. 2d

698, 703 (S.D.N.Y. 2011) ("At this [motion *in limine*] stage, the Government has not, and cannot, establish the foundation necessary to satisfy FRE 701. The Court finds that the testimony at issue in the Government's motion ultimately may be admissible if the Government is able to establish the presence of each FRE 701 requirement *at trial* … .") (emphasis added); *United States v. Garcia*, 291 F.3d 127, 140 (2d Cir. 2002) ("When a witness has not identified the objective bases for his opinion, the proffered opinion obviously fails completely to meet the requirements of Rule 701 because there is no way for the court to assess whether it is rationally based on the witness's perceptions.").

The Government has offered examples of lay opinion testimony that it may seek to elicit (Motion at 7-12), but it has not laid the proper foundation for any specific testimony. Moreover, although the Government intends to elicit lay opinion testimony concerning four different types of statements (*supra* at 1), the Government's Motion fails to provide an example of the latter two categories. The Government has therefore failed to satisfy the requirements of Rule 701. *Garcia*, 291 F.3d at 140.

In addition to opposing the Government's Motion as premature in its entirety, Mr. Aiyer opposes the admission of lay opinion testimony regarding statements made by Mr. Aiyer or other traders when the cooperating witnesses were not present. If the witnesses are allowed to opine on statements made outside their presence, this may implicate the Second Circuit's concerns about lay opinions that go "beyond interpreting code words" into "summarizing . . . beliefs about the defendant's conduct." *Grinage*, 390 F.3d at 750-51 ("Were [such testimony] to be accepted, there would be no need for the trial jury to review personally any evidence at all. The jurors could be 'helped' by a summary witness for the Government, who could not only tell them what was in the evidence but tell them what inferences to draw from it. That is not the point of lay

opinion evidence.") (internal citation omitted); *see also United States v. Kaplan*, 490 F.3d 110, 19 (2d Cir. 2007) (emphasizing that lay opinion testimony must be based on the witness's "first-hand perceptions"). This type of lay opinion testimony should not be allowed here.

Mr. Aiyer further opposes the admission of any lay opinion testimony that purports to explain Mr. Aiyer's knowledge or intent in making particular statements. This type of lay opinion testimony would not be rationally based on the witnesses' own perception and would violate Rule 701. *See United States v. Rea*, 958 F.2d 1206, 1216 (2d Cir. 1992) ("When the issue is a party's knowledge . . . we suspect that in most instances a proffered lay opinion will not meet the requirements of Rule 701."); *Kaplan*, 490 F.3d at 118-19 (vacating conviction because of improperly admitted lay opinion regarding the knowledge of the defendant).

## CONCLUSION

For the foregoing reasons, the Court should deny the United States' Motion in Limine No. 2 to Admit Lay Opinion Testimony.

Dated: August 16, 2019
       New York, New York

                               By:   /s/ Martin Klotz
                                    WILLKIE FARR & GALLAGHER LLP
                                    Martin Klotz
                                    Joseph T. Baio
                                    Jocelyn M. Sher
                                    Samuel M. Kalar
                                    787 Seventh Avenue
                                    New York, New York 10019
                                    T: (212) 728-8000

                                    *Attorneys for Defendant Akshay Aiyer*