UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 18 Cr. 333 (JGK) |
| v. | : | |
| AKSHAY AIYER, | : | |
| Defendant. | : | |

---------------------------------------------------------x

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO THE UNITED STATES' MOTION IN LIMINE NO. 8 TO <u>EXCLUDE HEARSAY TRADER COMMUNICATIONS</u>**

WILLKIE FARR & GALLAGHER LLP
Martin Klotz
Joseph T. Baio
Jocelyn M. Sher
Samuel M. Kalar
787 Seventh Avenue
New York, New York 10019
T: (212) 728-8000

*Attorneys for Defendant Akshay Aiyer*

**TABLE OF CONTENTS**

Page

ARGUMENT ...................................................................................................................................1

    I.      Most Of The Evidence Challenged By The Motion Is Not Hearsay. .......................1

    II.     Some Of The Challenged Evidence May Qualify As Genuine Business Records. ..................................................................................................................3

CONCLUSION ................................................................................................................................4

# **TABLE OF AUTHORITIES**

**Case**                                               **Page**

*Zamora v. Open Door Family Med. Ctr., Inc.*,
    No. 16-CV-00353 (NSR), 2018 WL 4684131 (S.D.N.Y. Sept. 28, 2018) ..........................3

Defendant Akshay Aiyer respectfully submits this Memorandum of Law in Opposition to the United States' Motion in Limine No. 8 to Exclude Hearsay Trader Communications.

**ARGUMENT**

Through its Motion in Limine No. 8 to Exclude Hearsay Trader Communications (ECF No. 93 (the "Motion")), the Government seeks the broad exclusion of "trader communications proffered" on Mr. Aiyer's initial exhibit list. (*Id.* at 33.) The Government's sole basis for this request is the conclusory assertion that such statements constitute "inadmissible hearsay." (*Id.*) But the Government misapprehends the purpose of the challenged evidence and fails to provide sufficient support for the sweeping, categorical exclusion it requests. The Motion should be denied.

**I.      Most Of The Evidence Challenged By The Motion Is Not Hearsay.**

Without foundation or explanation, the Motion states that all "trader communications" Mr. Aiyer may potentially offer at trial will be "offered for the truth of the matter asserted" and therefore should be excluded as inadmissible hearsay. (*Id.*) This is incorrect. Outside of a subset of these communications that fall under a hearsay exception (*see infra* at 3), the trader communications included on Mr. Aiyer's initial exhibit list, if offered at all, will be offered for non-hearsay purposes. They should be admissible upon a showing of relevance and authenticity. Relevance will require a document-specific determination, and, presumably, authenticity can be stipulated by the parties.

The Government, in seeking to indiscriminately exclude the more than 150 unique trader communications included on Mr. Aiyer's initial exhibit list, highlights only two examples in support of its Motion. But even these are illustrative of the non-hearsay purposes such communications can serve. In JPMC-0000012115, a chat room communication of the type that will form a significant portion of the Government's own documentary evidence, Mr. Aiyer's

supervisor mentions to another J.P. Morgan Chase trader that "we can talk offline." The second trader agrees that "yep offline better." Evidence of this type directly rebuts a key Government charge, that Mr. Aiyer and his alleged coconspirators' "offline" communications were meant to deceive their supervisors or conceal illegal acts or, more generally, that "offline" communications were inherently problematic or abnormal in the industry. (*See* Indictment ¶ 22(g).) These statements will not be offered for the truth of any matter asserted in them, and thus the Government's hearsay concerns are not implicated.

The same is true of the unspecified "number of chats between Defendant and his supervisor" mentioned in the Motion. (Motion at 33.) These chats show Mr. Aiyer's supervisor's awareness of his communications with his alleged coconspirators, including the types of information exchanged and the types of trading conducted in the Rand Chat Room. These communications are not offered for the truth of any matter asserted in them, but only to show the routineness of Mr. Aiyer's conduct and the absence of any effort on his part to conceal his actions.

Additional statements within JPMC-0000012115 will further highlight—without being offered for their truth—behavior that typifies the expectations and strategies of traders in the FX interdealer market, an opaque structure the inner workings of which the Government has put at issue in this case. (*See* ECF No. 55, Government's Opposition to Mr. Aiyer's Motion to Dismiss, at 12 ("Aiyer and his co-conspirators curtailed their competition by … coordinating their trading and pricing strategies on the interdealer market.").) The same is true of the only other communication specifically challenged by the Motion, BARC-FX_00077367, a chat

between alleged coconspirator Nicholas Williams' former boss at ABSA Bank and a trader at Investec Bank.[1]

## II. Some Of The Challenged Evidence May Qualify As Genuine Business Records.

The Government spends the bulk of the Motion addressing the issue of whether "trader communications," as a wholesale category of evidence, constitute "business records of the respective banks …[that would] be excepted under Rule 803(6)." (Motion at 33-34.) But the Government attacks a straw man. Mr. Aiyer does not contend that "[t]he mere fact that chats and email are stored by a business … convert[s] these conversations into business records." (*Id.* at 35).

Some of the documents on Mr. Aiyer's initial exhibit list, however, *are* genuine business records and are admissible as such for their truth. For example, portions of Mr. Aiyer's formal annual performance evaluations were communicated via chats between Mr. Aiyer and his supervisor. These chats are business records that are admissible for the truth of matters asserted in them. *See, e.g.*, *Zamora v. Open Door Family Med. Ctr., Inc.*, No. 16-CV-00353 (NSR), 2018 WL 4684131, at *1 n.2 (S.D.N.Y. Sept. 28, 2018) ("[The challenged] performance appraisals fall within the business records exception to hearsay, which states that records of a regularly conducted activity are not excluded as hearsay if (1) the record was made near in time by someone with knowledge, (2) the record was kept in the course of a regularly conducted business activity, (3) the making of the record was a regular practice, (4) the aforementioned conditions are shown by testimony of the custodian or another qualified witness, or by certification, and (5)

---

[1] For example, in JPMC-0000012115, Mr. Aiyer's supervisor and a second trader discuss the management of stop loss orders and engage in the practice of "watch[ing] a stop" for another trader. In BARC-FX_00077367, Mr. Williams' former supervisor and a second trader discuss, among other trade execution strategies, "spoof[ing]" the market. These communications are relevant to the interdealer conduct the Government has put at issue, but will not be offered for the truth of any matter asserted in them.

the opponent does not show that the source of the information or the method or circumstances of preparation indicate lack of trustworthiness.").

*   *   *

In short, the "trader communications" Mr. Aiyer intends to offer are either not offered for their truth, and hence are not hearsay, or they fall under recognized exceptions to the hearsay rule. The vague and unsubstantiated concerns raised in the Motion do not provide a basis for the preemptive exclusion of this evidence. With respect to specific documents, questions about admissibility should be deferred until specific Government objections arise.

## CONCLUSION

For the foregoing reasons, the Court should deny the United States' Motion in Limine No. 8 to Exclude Hearsay Trader Communications.

Dated: August 16, 2019
      New York, New York

By: /s/ Martin Klotz
WILLKIE FARR & GALLAGHER LLP
Martin Klotz
Joseph T. Baio
Jocelyn M. Sher
Samuel M. Kalar
787 Seventh Avenue
New York, New York 10019
T: (212) 728-8000

*Attorneys for Defendant Akshay Aiyer*