

**U.S. Department of Justice**

Antitrust Division

---

*New York Office*

| | |
|---|---|
| *26 Federal Plaza* | *212/335-8000* |
| *Room 3630* | |
| *New York, New York 10278-0004* | *FAX 212/335-8023* |

August 27, 2019

**BY ECF**

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:    <u>United States v. Akshay Aiyer</u>, 1:18-CR-333 (JGK)

Dear Judge Koeltl:

      The government writes to request that the Court exclude the expert testimony of George T. Dowd III, a third defense expert witness that was disclosed to the government on August 21, 2019. A copy of this disclosure is attached. Defendant intends to offer Mr. Dowd as a "custom and practice" expert. As explained in the disclosure, Mr. Dowd is expected to testify as to common market practices in the FX industry during the charged conspiracy period.

      On December 17, 2018, the Court set a Scheduling Order for this case that included a June 28, 2019 deadline for expert disclosures. *See* ECF No. 43. The disclosure of Mr. Dowd comes nearly two full months after this deadline. This disclosure also comes after the Court-imposed deadlines for filing motions *in limine* (July 26, 2019) and respective responses (August 16, 2019). From a procedural standpoint, the government respectfully requests that the Court exclude Mr. Dowd's testimony due to Defendant's failure to adhere to the Court's Scheduling Order.

      To the extent that the Court does not exclude Mr. Dowd's testimony on procedural grounds, the government requests that the Court consider Mr. Dowd's testimony in light of the government's motions *in limine*. As the Court is aware, the government has moved to exclude evidence or argument regarding common market practices. *See* ECF No. 93 at 18–21. During a phone call with defense counsel on August 23, 2019, defense counsel stated that Mr. Dowd is to serve as a "custom and practice" expert. Mr. Dowd held management positions in foreign exchange sales and trading at Société General during the 2007–15 time period. He is expected to testify that trading practices at issue in this case were "common" in his experience and that he engaged in such practices, as did others. Defense counsel noted they had been looking for a "custom and practice" expert for many months but only recently decided to work with Mr. Dowd.

As discussed in our motion, evidence or argument regarding common market practice is irrelevant in this case. The government believes that such evidence is a thinly veiled "everybody was doing it" defense, and Defendant's disclosure of Mr. Dowd and his expected testimony only amplifies this concern. It is not relevant to any element of the charged offense that other traders in the FX market may have engaged in some trading practices that were similar to those engaged in by Defendant and his co-conspirators. Such testimony will only serve to confuse the issues, mislead the jury, delay the trial, and waste time.

Accordingly, for the reasons set forth in the government's Motion to Exclude Evidence and Argument Regarding Defendant's Specific Intent, ECF No. 93 at 16–22, the government respectfully requests that the Court also exclude Mr. Dowd's testimony. Indeed, during the telephone conversation on August 23, 2019, defense counsel conceded that if the Court were to grant the aforementioned government motion, Mr. Dowd's testimony would necessarily be precluded.

To the extent that the Court does not exclude Mr. Dowd's testimony for the above-stated procedural or substantive reasons, the government requests leave of the Court to file a *Daubert* motion to exclude Mr. Dowd's testimony on the basis of his qualifications.

Respectfully submitted,

/s/ Kevin Hart

Kevin Hart
Katherine Calle
David Chu
Eric Hoffmann

Trial Attorneys
Antitrust Division