**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

August 28, 2019

**VIA ECF**

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:     *United States v. Akshay Aiyer*, 18-CR-00333 (JGK)

Dear Judge Koeltl:

We represent Defendant Akshay Aiyer in the above-referenced action, and write in opposition to the Government's August 27, 2019 letter request to exclude the expert testimony of George T. Dowd III. (ECF No. 110 (the "Letter Request").)

By way of background, we have been searching for a custom and practice expert such as Mr. Dowd for more than a year.  In a field as specialized as FX trading, most individuals with the requisite experience are either currently employed by large financial institutions or were previously employed by one of the numerous large banks that were subjects of lengthy government investigations.  The former generally need permission from their employers to testify as an expert in a legal proceeding, and this permission is rarely forthcoming on topics that are the subject of ongoing government investigations and civil litigation.  The latter are vulnerable to cross-examination suggesting they and/or their banks are or were under investigation for the practices at issue.  Accordingly, it has been difficult to find a witness to testify to relevant industry customs and practices.

We acted quickly upon learning about Mr. Dowd.  He first came to our attention in July, after the initial deadline for expert disclosures.  Our initial meeting with him took place on July 24, 2019, he spent a few weeks reviewing the complex evidence relevant to the case, and we then developed a summary of his planned testimony and produced his disclosure on August 21, 2019.

The Government writes that "the Court should exclude Mr. Dowd's testimony due to Defendant's failure to adhere to the Court's Scheduling Order."  As an initial matter, our understanding is that the June 29, 2019 disclosure deadline cited by the Government was preliminary, with a final deadline of

September 23, 2019.  (ECF No. 43, Scheduling Order, at 2 ("The parties will exchange preliminary lists of case-in-chief exhibits and witnesses, including any expert disclosures, on June 28, 2019.  The parties will exchange final lists of case-in-chief exhibits and witnesses on September 23, 2019.").)  The disclosure of Mr. Dowd was provided more than a month before this final deadline.

Even if Mr. Dowd's disclosure were untimely, this would not be grounds for his exclusion here.  Exclusion for untimeliness is an "extreme remedy" warranted only in exceptional circumstances, such as when "the testimony was disclosed on the first day of trial or later."  *United States v. Raniere*, 384 F. Supp. 3d 282, 327 (E.D.N.Y. 2019) (internal citations omitted).  The Government received Mr. Dowd's disclosure two months before the start of trial, which is sufficient time "to explore [his] qualifications and prepare for cross-examination."  *United States v. Banki*, No. 10 CR. 08 (JFK), 2010 WL 11606485, at *3 (S.D.N.Y. Mar. 18, 2010) ("[The government's expert disclosure] gives Defendant two weeks to tailor his strategy to the chosen expert, an amount of time that is not uncommon in this District or unreasonable in the context of this case and the anticipated testimony.").

Exclusion is also unwarranted given that "the substance of the proposed testimony was not a surprise."  *United States v. Rosario*, 2014 WL 6076364, at *4 (S.D.N.Y. Nov. 14, 2014) ("Although disclosure of the expert was made [less than two weeks before trial], the substance of the proposed testimony was not a surprise to the Defendant.")  As the Letter Request itself details, the Government anticipated the precise custom and practice evidence that Mr. Dowd would provide and has already moved *in limine* to exclude such testimony.  Moreover, we have advised the Government that because of the timing of our disclosure, we do not object to their supplementing their already-filed motion *in limine* or their filing of a new motion challenging Mr. Dowd's testimony.

Its motion *in limine* to exclude custom and practice evidence forms the second basis on which the Government seeks to exclude the testimony of Mr. Dowd.  For the reasons set forth in our Opposition to the United States' Motions in Limine Nos. 4-7 (ECF No. 107), which need not be repeated here, the Government's motion to exclude custom and practice evidence should be denied and does not justify the exclusion of Mr. Dowd.  We will shortly be requesting oral argument on this and the other motions *in limine*.

We apologize for the fact that we were unable to include Mr. Dowd in our initial set of disclosures, but we have tried to move diligently once we learned about his availability as a possible expert witness.


Respectfully submitted,


/s/ Martin Klotz_____
Martin Klotz


cc: All Counsel of Record (via ECF)