UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x

UNITED STATES OF AMERICA      :     18 Cr. 333 (JGK)

         v.             :

AKSHAY AIYER,             :

          Defendant.      :

--------------------------------------------------------x


## **DEFENDANT'S PROPOSED JURY INSTRUCTIONS**


WILLKIE FARR & GALLAGHER LLP
Martin Klotz
Joseph T. Baio
Jocelyn M. Sher
Samuel M. Kalar
787 Seventh Avenue
New York, New York 10019
T: (212) 728-8000

*Attorneys for Defendant Akshay Aiyer*

**TABLE OF CONTENTS**

**INTRODUCTION**................................................................................................................1

**Defense Proposed Jury Instruction No. 1**
Role Of The Jury.................................................................................................................2

**Defense Proposed Jury Instruction No. 2**
Role Of The Court ..............................................................................................................3

**Defense Proposed Jury Instruction No. 3**
Improper Considerations – Matters The Jury May Not Consider....................................5

**Defense Proposed Jury Instruction No. 4**
Evidence And Inferences ...................................................................................................6

**Defense Proposed Jury Instruction No. 5**
Presumption Of Innocence And Burden Of Proof...........................................................10

**Defense Proposed Jury Instruction No. 6**
Reasonable Doubt Defined .............................................................................................12

**Defense Proposed Jury Instruction No. 7**
Jury To Consider Only The Defendant............................................................................13

**Defense Proposed Jury Instruction No. 8**
The Sherman Act ..............................................................................................................14

**Defense Proposed Jury Instruction No. 9**
Summary Of Indictment ..................................................................................................15

**Defense Proposed Jury Instruction No. 10**
Elements Of The Offense.................................................................................................16

**Defense Proposed Jury Instruction No. 11**
First Element: The Conspiracy Charged In The Indictment Existed............................17

**Defense Proposed Jury Instruction No. 12**
Proof Of The Conspiracy – Proving The Agreement .....................................................18

**Defense Proposed Jury Instruction No. 13**
Independent Action...........................................................................................................20

**Defense Proposed Jury Instruction No. 14**
Conscious Parallelism......................................................................................................21

**Defense Proposed Jury Instruction No. 15**
Unlawful Object Of The Conspiracy: Price Fixing and Bid Rigging...........................23

**Defense Proposed Jury Instruction No. 16A**
Conduct That Is Not Price Fixing Or Bid Rigging ....................................................24

**Defense Proposed Alternative Instruction No. 16B**
Spoofing And Cancelled Trades ...............................................................................25

**Defense Proposed Jury Instruction No. 17**
Multiple Conspiracies ..............................................................................................26

**Defense Proposed Jury Instruction No. 18**
Second Element: Knowingly Joining And Participating In The Conspiracy ...............28

**Defense Proposed Jury Instruction No. 19**
Third Element: Intent To Fix Prices And Rig Bids ...................................................30

**Defense Proposed Jury Instruction No. 20**
Exchanges Of Information .........................................................................................32

**Defense Proposed Jury Instruction No. 21**
Statute Of Limitations ..............................................................................................34

**Defense Proposed Jury Instruction No. 22**
Defense Theory .........................................................................................................35

**Defense Proposed Jury Instruction No. 23**
Witness Credibility ...................................................................................................36

**Defense Proposed Jury Instruction No. 24**
Plea Agreements .......................................................................................................40

**Defense Proposed Jury Instruction No. 25**
Leniency Agreements ................................................................................................42

**Defense Proposed Jury Instruction No. 26**
Impeachment By Prior Inconsistent Statements ........................................................43

**Defense Proposed Jury Instruction No. 27**
Defendant's Right Not To Testify .............................................................................44

**Defense Proposed Jury Instruction No. 28**
Witness Preparation ..................................................................................................45

**Defense Proposed Jury Instruction No. 29**
Number Of Witnesses ...............................................................................................46

**Defense Proposed Jury Instruction No. 30**
Expert Witnesses .......................................................................................................47

**Defense Proposed Jury Instruction No. 31**
Testimony As Both Expert And Lay Witness.............................................................48

**Defense Proposed Jury Instruction No. 32**
Law Enforcement Witnesses........................................................................................49

**Defense Proposed Jury Instruction No. 33**
Charts And Summaries ...............................................................................................50

**Defense Proposed Jury Instruction No. 34**
Demonstrative Charts And Summaries – Not Admitted...............................................51

**Defense Proposed Jury Instruction No. 35**
Publicity And Contact With Others ............................................................................52

**Defense Proposed Jury Instruction No. 36**
Concluding Instructions: Punishment, Duty To Deliberate, Communications With Court, And
Unanimous Verdict ....................................................................................................54

## <u>INTRODUCTION</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, Defendant Akshay Aiyer respectfully submits the following proposed jury instructions.

Changes to the language of the Indictment, the Court's instructions in *United States v. Stern*, 1:16-cr-00525-JGK (S.D.N.Y. June 15, 2017), or the *Model Federal Jury Instructions* have been underlined.  Explanatory parentheticals have been added for material changes or omissions.

The Defendant has submitted alternative instructions for proposed Instruction 16.

The Defendant respectfully reserves the right to request amended instructions or to submit additional instructions as appropriate or necessary to address evidence and testimony at trial or arguments advanced by the government.

**Defense Proposed Jury Instruction No. 1**
**<u>Role Of The Jury</u>**

As to the charge presented in this case, it is your duty to decide whether or not the guilt of the Defendant has been proved beyond a reasonable doubt.  You are the sole judges of the facts. I, as the judge, do not find the facts.  Rather, you, the members of the jury, find the facts.  That is a very great responsibility that you must exercise with complete fairness and impartiality.  Your decision is to be based solely on the evidence or the lack of evidence.  It may not be influenced by bias, prejudice, or sympathy.[1]

---

[1] *United States v. Stern*, Final Jury Instructions at 146:11-20, 1:16-cr-00525-JGK (S.D.N.Y. June 15, 2017), Dkt. 110 (Koeltl, J.).

## Defense Proposed Jury Instruction No. 2
### Role Of The Court

My job includes two basic functions.  First, I make rulings on disputed issues of law.  What rulings I have made and why should not concern you.  My second function is very much your concern.  It is to instruct you on the law, that is, to explain to you the rules of law that govern your deliberations and to tell you what the questions are that you must answer in reaching your verdict.  It is your duty to accept the law as I state it to you in these instructions and to apply it to the facts as you decide them.

You must not substitute your concept of what the law should be for what I tell you that the law is.  Just as you alone find the facts, I alone determine the law, and you are duty bound to accept the law as I state it.  For this same reason, if any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You should also not single out any instructions or any one word or phrase in an instruction as alone stating the law, but you should consider my instructions as a whole.

Accordingly, you will find the facts in this case, but you will accept the law as I state it to you and apply that law to the facts as you find them.  The result of your work will be the verdict you return.

In the course of these instructions, I will explain general principles that will apply.  The burden of proof to be applied in this case, the charge in the Indictment, the substantive law to be applied to this charge, and, finally, I will give some additional and concluding remarks on your deliberations.  I ask that you pay strict attention as I explain these instructions.

I will provide a copy of these jury instructions to you so that they will be available to you in the course of your deliberations.[2]

---

[2] *United States v. Stern*, Final Jury Instructions at 146:21-148:3, 1:16-cr-00525-JGK (S.D.N.Y. June 15, 2017), Dkt. 110 (Koeltl, J.).

**Defense Proposed Jury Instruction No. 3**
**<u>Improper Considerations – Matters The Jury May Not Consider</u>**

I remind you that in reaching your verdict, you are to perform your duty of finding the facts without bias or prejudice as to any party.  You must remember that all parties stand as equals before a jury in the courts of the United States.  You must disregard any feelings you may have about the Defendant's race, ethnicity, religion, national origin, sex, age, or physical condition.  It would also be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

The fact that the government is a party and the prosecution is brought in the name of the United States does not entitle the government or its witnesses to any greater consideration than that accorded to the Defendant.  By the same token, you must give it no less consideration.  The government and the Defendant stand on equal footing before you.  Your verdict must be based solely on the evidence or the lack of evidence.

For the same reasons, the personalities and conduct of counsel are not in any way in issue.  If you formed opinions of any kind as to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior, those opinions should not enter into your deliberations.

I know that you will try the issues that have been presented to you according to the oath that you have taken as jurors in which you promised that you would well and truly try the issues joined in this case and a true verdict render.[3]

---

[3] *United States v. Stern*, Final Jury Instructions at 148:4-149:5, 1:16-cr-00525-JGK (S.D.N.Y. June 15, 2017), Dkt. 110 (Koeltl, J.).

**Defense Proposed Jury Instruction No. 4**
**Evidence And Inferences**

In determining the facts, you must rely upon your own recollection of the evidence. What is evidence?  Evidence consists of the testimony of witnesses, the exhibits that have been received into evidence, and stipulations.

The statements and arguments made by lawyers are not evidence.  Their arguments are intended to convince you what conclusions you should draw from the evidence or lack of evidence.  You should weigh and evaluate the lawyers' arguments carefully, but you must not confuse them with the evidence.  As to what the evidence was, it is your recollection that governs, not the statements of the lawyers.

In this connection, you should bear in mind that a question put to a question is never evidence.  It is only the answer in combination with the question that is evidence.  One exception to this is that you may not consider any answer that I directed you to disregard or that I ordered to be stricken from the record.  You are not to consider such answers in any way.

I am now going to say a few words on the subject of direct and circumstantial evidence. There are two types of evidence that you may properly use in deciding whether or not the Defendant is guilty of the crime with which he is charged.

One type of evidence is called direct evidence.  Direct evidence of a fact in issue is presented when a witness testifies to that fact based on what the witness personally saw, heard, or observed.  In other words, when a witness testifies about a fact in issue, which is known of the witness's own knowledge, by virtue of what the witness sees, feels, touches, or hears, that is called direct evidence of that fact.

The second type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts. There is a simple example of circumstantial evidence that is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Then, somebody else walked in with a raincoat that also was dripping wet.

Now, you cannot look outside the courtroom and you cannot see whether or not it is raining, so you have no direct evidence of that fact. But, on the combination of facts that I have asked you to consider, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

I have spoken to you of inferences to be drawn from the evidence. This is what the law means when it speaks of inferring one fact from another. An inference is the deduction or conclusion that reason and common sense prompt a reasonable mind to draw from facts that have been proven by the evidence. The process of drawing inferences from facts is not a matter of guesswork or speculation. Not all logically possible conclusions are legitimate or fair inferences. Only those inferences to which the mind is reasonably led or directed are fair inferences from direct or circumstantial evidence in the case. Whether or not to draw a particular inference is, of course, a matter exclusively for you, as are all determinations of fact.

Many material facts, such as state of mind, are rarely susceptible to proof by direct evidence. Usually such facts are established by circumstantial evidence and the reasonable

inferences you draw.  Circumstantial evidence may be given as much weight as direct evidence. The law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the Defendant's guilt beyond a reasonable doubt, based on all of the evidence in the case.

You should draw no inference or conclusion for or against any party by reason of lawyers' objections or my rulings on such objections.  Counsel have not only the right but the duty to make legal objections when they think that such objections are appropriate.  You should not be swayed against the government or the Defendant simply because counsel for either side has chosen to make an objection.

It is my function to cut off counsel from questioning, to strike remarks, and to reprimand counsel when I think it is necessary.  But you should draw no inference from that.  It is irrelevant whether you like a lawyer or whether you believe I like a lawyer.  The issue before you is not which attorney is more likeable.  The issue is whether the government has sustained its burden of proof.

You should consider all the evidence in this case no matter what party may have introduced or adduced that evidence.

Nothing I say is evidence.  If I comment on the evidence during my instructions, do not accept my statements in place of your recollection.  It is your recollection that governs.

Do not draw any inferences from any of my rulings.  The rulings I have made during trial are not any indication of my views.  Indeed, I have no opinion as to the facts of this case, and you should not seek to find such an opinion in my rulings.

Further, do not concern yourself with what was said at sidebar conferences or during my discussions with counsel.  Those discussions related to rulings of law and not to matters of fact.

- 8 -

Finally, at times I may have directed a witness to be responsive to questions or to keep his or her voice up.  At times I may have questioned a witness myself.  Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought was unclear.  You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or the parties in the case, by reason of any comment, question, or instruction of mine.  Nor should you infer that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you.  That is entirely your role.[4]

---

[4] *United States v. Stern*, Final Jury Instructions at 149:6-153:17, 1:16-cr-00525-JGK (S.D.N.Y. June 15, 2017), Dkt. 110 (Koeltl, J.).

**Defense Proposed Jury Instruction No. 5**
**Presumption Of Innocence And Burden Of Proof**

In a few moments, I will turn to the charge against the Defendant, but first I will explain the presumption of innocence and burden of proof.

Although the Defendant has been indicted, you must remember that the Indictment is only an accusation.  It is not evidence.  The Defendant has pleaded not guilty to the Indictment.  In so doing, the Defendant has denied the allegations in the Indictment against him.

As a result of the Defendant's plea of not guilty, the burden is on the prosecution to prove the guilt of the Defendant beyond a reasonable doubt.  This burden never shifts to the Defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes the Defendant to be innocent of the charges against him.  I therefore instruct you that you are to presume that the Defendant is innocent throughout your deliberations until such time, if ever, you, as a jury, are satisfied that the government has proven the Defendant guilty beyond a reasonable doubt.

The Defendant begins the trial here with a clean slate.  This presumption of innocence alone is sufficient to acquit the Defendant unless you, as jurors, are unanimously convinced beyond a reasonable doubt of the Defendant's guilt, after a careful and impartial consideration of all of the evidence in this case.  If the government fails to sustain its burden, you must find the Defendant not guilty.

This presumption was with the Defendant when the trial began and remains with him even now as I speak to you and will continue with the Defendant into your deliberations unless

- 10 -

and until you are convinced that the government has proven the guilt of the Defendant beyond a reasonable doubt.[5]

---

[5] *United States v. Stern*, Final Jury Instructions at 153:18-154:24, 1:16-cr-00525-JGK (S.D.N.Y. June 15, 2017), Dkt. 110 (Koeltl, J.).

## Defense Proposed Jury Instruction No. 6
### Reasonable Doubt Defined

I have said that the government must prove the Defendant guilty beyond a reasonable doubt.  The question naturally is, what is a reasonable doubt?  The words almost define themselves.  It is a doubt based upon reason and common sense.  It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.  A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.

In a criminal case, the burden is, at all times, upon the government to prove guilt beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the Defendant, which means that it is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.  If, after fair and impartial consideration of all of the evidence, you have a reasonable doubt concerning the guilt of the Defendant with respect to the particular charge against him, you must find the Defendant not guilty of that charge.  On the other hand, if after fair and impartial consideration of all the evidence you are satisfied beyond a reasonable doubt of the Defendant's guilt with respect to the particular charge against him, you should find the Defendant guilty of that charge.[6]

---

[6] *United States v. Stern*, Final Jury Instructions at 154:25-156:4, 1:16-cr-00525-JGK (S.D.N.Y. June 15, 2017), Dkt. 110 (Koeltl, J.).

**Defense Proposed Jury Instruction No. 7**
**<u>Jury To Consider Only The Defendant</u>**

You are about to be asked to decide whether or not the government has proven beyond a reasonable doubt the guilt of the Defendant.  You are not being asked whether any other person has been proven guilty.  Your verdict should be based solely upon the evidence or lack of evidence as to the Defendant, in accordance with my instructions and without regard to whether the guilt of other people has or has not been proven.[7]

---

[7] Sand, *Modern Federal Jury Instructions*, Instr. 2-18.

## Defense Proposed Jury Instruction No. 8
## <u>The Sherman Act</u>

The Defendant in this case is charged with violating Section One of the Sherman Antitrust Act.

The purpose of the Sherman Act is to preserve and encourage free and open business competition so that the public may receive better goods and services at a lower cost.[8]

---

[8] Sand, *Modern Federal Jury Instructions*, Instrs. 58-1, 58-2 (modified to combine and simplify instructions).

### Defense Proposed Jury Instruction No. 9
### Summary Of Indictment

The Indictment in this case is not evidence.  It merely describes the charge made against the Defendant.  It is an accusation.  It may not be considered by you as any evidence of the guilt of the Defendant.

In reaching your determination of whether the government has proved the Defendant guilty beyond a reasonable doubt, you may only consider the evidence introduced or the lack of evidence.

The Defendant is not charged with committing any crime other than the single offense contained in the Indictment, and the Defendant has denied that he is guilty of this offense.[9]

The Indictment contains a single count.[10]

The Indictment alleges that from at least as early as October 2010 and continuing until at least July 2013, the Defendant, together with three other foreign exchange traders at competing banks, knowingly entered into and participated in a single, continuing conspiracy to suppress and eliminate competition for the purchase and sale of emerging markets currencies by fixing prices of, and rigging bids and offers for, those currencies.[11]

The Indictment alleges that this conspiracy constituted an unreasonable restraint of trade in violation of Section One of the Sherman Act.[12]

---

[9] *United States v. Stern*, Final Jury Instructions at 157:2-16, 1:16-cr-00525-JGK (S.D.N.Y. June 15, 2017), Dkt. 110 (Koeltl, J.) (modified to reflect the single charge in this case).
[10] Indictment, *United States v. Aiyer*, 18-cr-333 (JGK) (S.D.N.Y. May 10, 2018).
[11] Indictment ¶ 20, *United States v. Aiyer*, 18-cr-333 (JGK) (S.D.N.Y. May 10, 2018); Transcript on Motion to Dismiss Oral Argument at 42:9-13, *United States v. Aiyer*, 18-cr-333 (JGK) (S.D.N.Y. June 3, 2019) ("The indictment properly alleges a single, overarching conspiracy; namely, that the Defendant knowingly conspired to suppress and eliminate competition by fixing prices of and rigging bids and offers for CEEMEA currencies in violation of Section 1 of the Sherman Act."); Indictment ¶ 22, *United States v. Aiyer*, 18-cr-333 (JGK) (S.D.N.Y. May 10, 2018) ("The charged conspiracy consisted of a continuing agreement . . . the substantial terms of which were to suppress and eliminate competition for the purchase and sale of CEEMEA currencies by fixing prices of, and rigging bids and offers for, CEEMEA currencies traded in the United States and elsewhere.").
[12] Indictment ¶ 20, *United States v. Aiyer*, 18-cr-333 (JGK) (S.D.N.Y. May 10, 2018).

## Defense Proposed Jury Instruction No. 10
### Elements Of The Offense

As previously stated, the Indictment charges the Defendant with being a member of a single, continuing conspiracy to suppress and eliminate competition for the purchase and sale of emerging markets currencies by fixing prices of, and rigging bids and offers for, those currencies, in violation of the Sherman Act.

For you to find the Defendant guilty of the conspiracy charged in the Indictment, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

*First*, that the conspiracy the Defendant is charged with participating in actually existed during the time alleged in the Indictment;

*Second*, that the Defendant knowingly joined this conspiracy; and

*Third*, that the Defendant knowingly joined the conspiracy with the intent to fix prices and rig bids.[13]

If you find from your consideration of all the evidence that each of these elements has been proved beyond a reasonable doubt, then you should find the Defendant guilty.

If, on the other hand, you find from your consideration of all of the evidence that any of these elements has not been proven beyond a reasonable doubt, then you should find the Defendant not guilty.[14]

---

[13] Sand, *Modern Federal Jury Instructions*, Instr. 58-3 (modified to conform to the objective charged in the Indictment); *see also United States v. U.S. Gypsum Co.*, 438 U.S. 422, 443 n.20 (1978) ("In a conspiracy, two different types of intent are generally required – the basic intent to agree, which is necessary to establish the existence of the conspiracy, and the more traditional intent to effectuate the object of the conspiracy.").

[14] ABA Section of Antitrust Law, *Model Criminal Antitrust Jury Instructions*, Instru. 3-C (2009).

**Defense Proposed Jury Instruction No. 11**
**First Element: The Conspiracy Charged In The Indictment Existed**

The first element that the government must prove beyond a reasonable doubt is that the single, continuing conspiracy charged in the Indictment actually existed.  This is important because the part of the Sherman Act we are concerned with outlaws certain joint activities by competitors, but not independent actions taken by a single firm or corporation.

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. The agreement itself is a crime.  Whether the agreement is ever carried out, or whether it succeeds or fails, does not matter.  Indeed, the agreement need not be consistently followed.  Conspirators may cheat on each other, and still be conspirators.  It is the agreement to do something that violates the law that is the essence of a conspiracy.

The government must prove beyond a reasonable doubt that the single, continuing conspiracy the Defendant is charged with participating in existed, and existed at or about the time alleged in the Indictment.  If you find that the conspiracy charged in the Indictment did not exist, you cannot find the Defendant guilty.  This is so even if you find that some conspiracy other than the one charged in the Indictment existed; and even though any other conspiracy you may find existed had a purpose and/or membership similar to the conspiracy charged in the Indictment.[15]

---

[15] Sand, *Modern Federal Jury Instructions*, Instr. 58-4 (modified to omit "or to accomplish a lawful purpose by unlawful means" because this is not alleged in the Indictment), *accord United States v. Stern*, Final Jury Instructions at 175:5-8, 1:16-cr-00525-JGK (S.D.N.Y. June 15, 2017), Dkt. 110 (Koeltl, J.) ("A conspiracy is a combination, an agreement, or an understanding of two or more persons to accomplish an unlawful or criminal purpose by joint action.").

**Defense Proposed Jury Instruction No. 12**
**Proof Of The Conspiracy – Proving The Agreement**

In order to prove the <u>single, continuing</u> conspiracy, it is not necessary for the government to present direct proof of verbal or written agreements.  Very often in cases like this, such evidence is not available.  You may find that the required agreement or conspiracy existed from the course of dealing between (or among) the <u>members of the Rand Chat Room</u>, through the words they exchanged, or from their acts alone.  What the government must prove, beyond a reasonable doubt, is that the members of the conspiracy, in some manner, came to a mutual understanding to accomplish or try to accomplish a common and unlawful objective.[16]  <u>That is, the evidence must show that they had a conscious commitment to a common scheme designed to achieve an unlawful objective.  At minimum, you must find that there was a meeting of the minds as to the unlawful objective.</u>[17]

<u>Evidence that shows that alleged conspirators pretended to agree, or jokingly agreed, or merely, at times, engaged in wishful thinking, is not evidence that there was a meeting of the minds as to the single unlawful objective charged.</u>[18]

---

[16] Sand, *Modern Federal Jury Instructions*, Instr. 58-6.

[17] *Cenedella v. Metropolitan Museum of Art*, 348 F. Supp. 3d 346, 358 (S.D.N.Y. 2018) (Koeltl, J.) ("[The plaintiff must prove that the challenged conduct stems from a tacit or express agreement among the defendants, not from independent decisions of the defendants.  The plaintiff may prove such an agreement through 'direct or circumstantial evidence that reasonably tends to prove that the [defendants] had a conscious commitment to a common scheme designed to achieve an unlawful objective.'") (quoting *Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 764 (1984)), *accord United States v. Apple, Inc.*, 791 F.3d 290, 315 (2d Cir. 2015); *Anderson News, L.L.C. v. American Media, Inc.*, 123 F. Supp. 3d 478, 496 (S.D.N.Y. 2015) (the "[c]ircumstances must reveal a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement") (quoting *Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 764 (1984)).

[18] *United States v. Rosenblatt*, 554 F.2d 36, 38 (2d Cir. 1977) ("When one of two persons merely pretends to agree, the other party, whatever he may believe, is in fact not conspiring with anyone.") (quotations omitted); *United States v. Bestway Disposal Corp.*, 724 F. Supp. 62, 67-68 (W.D.N.Y. 1988) (statements that alleged conspirator never fully intended to honor or discussions between alleged conspirators that involved no more than "wishful thinking" were not proof that conspirators "agreed" in the manner and for the contemplated evil purpose envisioned by the Sherman Act); *see also United States v. Andreas*, 216 F.3d 645, 669 (7th Cir. 2000) (stating that "a defendant who pretended to agree but did not intend to honor the agreement could not be convicted of a crime") (citing *United States v. Bestway Disposal Corp.*, 724 F. Supp. 62, 67 (W.D.N.Y. 1988)).

<u>Membership in the chat room does not constitute participation in the claimed conspiracy.[19]  The fact that the members of the Rand Chat Room met or spoke frequently does not, by itself, prove that they ever formed an illegal agreement.</u>[20]

The government does not have to show that all of the means or methods which were agreed upon to accomplish this goal were actually used.  Nor does the government have to show that all of the persons alleged to have been members of the claimed conspiracy were in fact members.  What the government must prove is that the claimed conspiracy was knowingly formed; that it was formed with the intention to accomplish, by joint action, the unlawful objective <u>of fixing prices and rigging bids;</u> and that the membership of the conspiracy was essentially that claimed by the government.[21]

---

[19] *Capital Imaging Assocs., P.C. v. Mohawk Valley Med. Assocs., Inc.*, 996 F.2d 537, 545 (2d Cir. 1993) ("The mere opportunity to conspire does not by itself support the inference that such an illegal combination actually occurred."); *Venture Tech, Inc. v. National Fuel Gas Co.,* 685 F.2d 41, 47 (2d Cir. 1982) (plaintiff must show more than "the existence of a climate in which such a conspiracy may have been formed"); *In re Interest Rate Swaps Antitrust Litig.*, 261 F.Supp.3d 430, 471 (S.D.N.Y. 2017) (a "mere opportunity to conspire" at legitimate meetings does not support an inference that "an illegal combination occurred.") (citations omitted).

[20] *Anderson News, L.L.C. v. American Media, Inc.*, 123 F. Supp. 3d 478, 504 (S.D.N.Y. 2015) ("[A] mere showing of close relations or frequent meetings between the alleged conspirators . . . will not sustain a plaintiff's burden absent evidence which would permit the inference that these close ties led to an illegal agreement.") (citing *H.L. Moore Drug Exch. V. Eli Lilly & Co.*, 662 F.2d 935, 941 (2d Cir. 1981)).

[21] Sand, *Modern Federal Jury Instructions*, Instr. 58-6 (modified to conform to the objective charged in the Indictment).

**Defense Proposed Jury Instruction No. 13**
**<u>Independent Action</u>**

The antitrust laws in this case are concerned only with joint action and agreements between competitors – not with actions taken independently by a single competitor. The independent actions of a competitor can never violate Section One of the Sherman Act. Thus, a competitor may choose not to sell to a given customer or class of customers, or refrain from bidding, or charge prices identical to those charged by his competitors and still not violate the Sherman Act. Indeed, a competitor may adopt policies and prices identical to those of his competitors as long as such actions are the result of an independent business decision, and not the result of an agreement or understanding among competitors.[22]

---

[22] Sand, *Modern Federal Jury Instructions*, Instr. 58-7.

### Defense Proposed Jury Instruction No. 14
### <u>Conscious Parallelism</u>

The fact that various <u>market participants</u> engaged in similar, or coordinated, conduct does not, in and of itself, establish the existence of a conspiracy.  This is true even if they did so knowing that others were following similar practices.  Similarity of business practices or even the fact that <u>the Defendant and the other members of the Rand Chat Room</u> may have charged identical prices for the same <u>emerging markets currencies</u> does not automatically establish a conspiracy because such practices may be consistent with ordinary competitive behavior in a free and open market.

On the other hand, when it is a fact that similar practices are followed by a number of <u>market participants</u>, with each being aware that the other is doing so, that is an important piece of evidence which you should consider, along with other evidence in the case, in determining whether an unlawful agreement or conspiracy existed.

In determining whether to find such an agreement, you should consider whether the different <u>market participants</u> adopting similar practices did so because of their own independent judgment as to what was in their own best economic interest.  In deciding this, you should consider whether the practices employed made sense in light of the industry conditions, and whether the benefits from those practices were dependent on other traders doing the same thing.

In order to find a conspiracy based on consciously similar actions, you must find additional circumstances that make it unlikely that these similar courses of action resulted from the exercise of independent business judgment.  In short, you must find that those engaged in

similar actions were a group, acting together, rather than individual competitors who happen to

have done the same thing.[23]

---

[23] Sand, *Modern Federal Jury Instructions*, Instr. 58-8; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) ("Without more, parallel conduct does not suggest conspiracy."); *Theatre Enters., Inc. v. Paramount Film Distrib. Corp.*, 346 U.S. 537, 540-42 (1954) (upholding the denial of a directed verdict for plaintiff on the ground that proof of parallelism was not proof of conspiracy); *United States v. Apple, Inc.*, 791 F.3d 290, 315 (2d Cir. 2015) ("Parallel action is not, by itself, sufficient to prove the existence of a conspiracy; such behavior could be the result of coincidence, independent responses to common stimuli, or mere interdependence unaided by an advance understanding among the parties.  Indeed, parallel behavior that does not result from an agreement is not unlawful even if it is anticompetitive.") (citations and internal quotation marks omitted); *Mayor & City Council of Baltimore, Md. v. Citigroup, Inc.*, 709 F.3d 129, 137 (2d Cir. 2013) ("[I]f parallel conduct or interdependence is 'consistent with conspiracy,' it is 'just as much in line with a wide swath of rational and competitive business strategy unilaterally prompted by common perceptions of the market.'") (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)); *In re Elevator Antitrust Litig.*, 502 F.3d 47, 51 (2d Cir. 2007) ("[S]imiliar pricing can suggest competition at least as plausibly as it can suggest anticompetitive conspiracy[.]"); *In re Interest Swaps Antitrust Litig.*, 261 F.Supp.3d 430, 462 (S.D.N.Y. 2017) ("An inference of conspiracy will not arise when the conspirators' parallel conduct made perfect business sense, there are obvious alternative explanations for the facts alleged, or the alleged facts suggest competition at least as plausibly as [they] suggest anticompetitive conspiracy.") (citations and internal quotation marks omitted).

**Defense Proposed Jury Instruction No. 15**
**Unlawful Object Of The Conspiracy: Price Fixing and Bid Rigging**

To satisfy this element of the conspiracy, you must unanimously agree that the specific objective of the conspiracy that the Defendant agreed to accomplish was to fix prices and rig bids.  Any objective other than fixing prices and rigging bids will not suffice to find the Defendant guilty.[24]

Price fixing and bid rigging are terms of art under the Sherman Act.  They consist of particular types of agreements that must be between competitors and must have no purpose other than eliminating competition in pricing or bidding.  A price fixing or bid rigging agreement can relate to any aspect of pricing or bidding and is presumed illegal without regard to the reasonableness of the prices fixed or bids rigged.[25]

I will give you instructions on price fixing in a few moments.

---

[24] *United States v. Stern*, Final Jury Instructions at 176:8-177:9, 1:16-cr-00525-JGK (S.D.N.Y. June 15, 2017), Dkt. 110 (Koeltl, J.) (modified to conform to the objective charged in the Indictment).
[25] *Cenedella v. Metropolitan Museum of Art*, 348 F. Supp. 3d 346, 359-60 (S.D.N.Y. 2018) (Koeltl, J.) ("Conduct constituting a per se violation of the Sherman Act must be so manifestly anticompetitive that it would almost invariably tend to restrict competition and decrease output.") (citing *Hertz Corp. v. City of New York*, 1 F.3d 121, 129 (2d Cir.1993)).

## Defense Proposed Jury Instruction No. 16A
## <u>Conduct That Is Not Price Fixing Or Bid Rigging</u>

<u>I instruct you that the following conduct is not price fixing or bid rigging</u>[26]:

- <u>Coordinated trading in the interdealer market, including by refraining from trading, or staying out of the way, to let another Rand Chat Room member trade,[27] or by "spoofing" or cancelling trades on behalf of one another[28]; and</u>

- <u>Coordinated trading in the Russian Ruble.</u>[29]

---

[26] *Broadcast Music, Inc. v. Columbia Broadcasting System, Inc.* ("*BMI*"), 441 U.S. 1, 9 (1979) (noting that "easy labels do not always supply ready answers" and that "it is necessary to characterize the challenged conduct as falling within or without that category of behavior to which we apply the '*per se* price-fixing.'").

[27] *In re Sulfuric Acid Antitrust Litigation*, 703 F.3d 1004, 1011 (7th Cir. 2012) ("shutdown" non-compete agreements were not per se illegal, as plaintiffs' claimed, because they assisted in introducing Canadian sulfuric acid to the U.S. and were "plausibly argued to increase competition or other economic values on balance."); *Polk Bros., Inc. v. Forest City Enterprises, Inc.*, 776 F.2d 185, 190 (7th Cir. 1985) (holding per se rule inapplicable to non-compete agreement in lease because the non-compete was arguably "part of a cooperative venture with prospects for increasing output."); *Sitkin Smelting & Refining Co., Inc. v. FMC Corp.*, 575 F.2d 440, 446 (3d Cir. 1978) (sham bidding agreement between property owner and preferred bidder was not a per se violation); *Granite Partners, L.P. v. Bear, Stearns & Co.*, 58 F. Supp. 2d 228, 246 (S.D.N.Y. 1999) (scheme among brokers to offer each other low bids was not per se bid rigging given the circumstances); *Branta, LLC v. Newfield Prod. Co.*, 310 F. Supp. 3d 1166 (D. Co. 2018) (finding the evidence did not support the existence of an illegal bid-rigging agreement given that it was industry custom and practice to refrain from bidding and because bidding in these circumstances would have been economically irrational); *Dahl v. Bain Capital Partners, LLC*, 937 F. Supp. 2d 119, 136 (D. Mass. 2013) (evidence that defendants at times engaged in joint bidding or the formation of bidding consortiums did not support inference of overarching per se conspiracy).

[28] *Apex Oil Co. v. DiMauro*, 713 F. Supp. 587, 595 (S.D.N.Y. 1989) ("acts that may be tortious, fraudulent, or violative of contracts between the parties do not, without more, fall within the ken of the antitrust laws.").

[29] *Leegin Creative Leather Prods., Inc., v. PSKS, Inc.*, 551 U.S. 877, 882 (2007) ("[V]ertical price restraints are to be judged by the rule of reason"); *United States v. Apple*, 791 F.3d 290, 314 n.15 (2d Cir. 2015) ("the plaintiff must also prove the existence of a 'rim' to the wheel in the form of an agreement among the horizontal competitors") (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 203-04 (4th Cir. 2002)); *Gatt Commc'ns, Inc. v. PMC Assocs., L.L.C.*, No. 10 CIV. 8 DAB, 2011 WL 1044898, at *2 (S.D.N.Y. Mar. 10, 2011) ("[C]laims alleging a vertical relationship or mixed vertical and horizontal relationships must be evaluated under the rule of reason."), *aff'd on other grounds*, 711 F.3d 68 (2d Cir. 2013).

**Defense Proposed Alternative Instruction No. 16B**
**<u>Spoofing And Cancelled Trades</u>**

"Spoofing" conduct or cancelled trades do not constitute the charged criminal conspiracy.

You may not return a verdict of guilty solely because you find the Defendant, alone or in

combination with others, engaged in spoofing or trades that were subsequently cancelled.[30]

---

[30] Transcript on Oral Argument for Motions in Limine at 29:22-25, *United States v. Aiyer*, 18-cr-333 (JGK)
(S.D.N.Y. Sept. 24, 2019) ("If the Defendant wishes, the court will give the limiting instructions suggested by the
government at page 10 of its brief *or any reasonable instructions suggested by the defendant*.") (emphasis added).

## Defense Proposed Jury Instruction No. 17
## Multiple Conspiracies

In this case the government has charged a single, continuing conspiracy during the time period of October 2010 through July 2013.  The Defendant contends that the government's proof fails to show the existence of one overall conspiracy.[31]

Whether there existed a single unlawful agreement, or many agreements, or indeed, no agreement at all, is a question of fact for you, the jury, to determine in accordance with the instructions I am about to give you.[32]

When two or more persons join together to further one common unlawful design or purpose, a single conspiracy exists.  By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes.[33]

You may find that there was a single conspiracy despite the fact that there were changes in either membership, or activities, or both, so long as you find that some of the co-conspirators

---

[31] Sand, *Modern Federal Jury Instructions*, Instr. 19-5 (modified to omit inapplicable language); *In re Zinc Antitrust Litig.*, 155 F.Supp.3d 337, 369-73 (S.D.N.Y. 2016) (finding that numerous allegedly anticompetitive behaviors were discrete activities that did not plausibly support the allegation of the broad horizontal conspiracy charged).

[32] Sand, *Modern Federal Jury Instructions*, Instr. 19-5; *see also United States v. Szur*, No. S5 97 cr 108 (JGK), 1998 WL 132942, at *11 (S.D.N.Y. March 20, 1998) (Koeltl, J.) ("[I]t is well-established that 'whether the evidence has established one conspiracy or more than one is a question of fact for a properly instructed jury." (quoting *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1192 (2d Cir. 1989)); *United States v. Johansen*, 56 F.3d 347, 351 (2d Cir. 1995) (reversing for failure to include a multiple conspiracies charge where the evidence was insufficient to support a finding of a single conspiracy); *United States Bertolotti*, 529 F.2d 149, 154 (2d. Cir. 1975) (holding that "the evidence reveals a sufficient basis for the jury to be satisfied beyond a reasonable doubt that each of the asserted transactions took place, but no evidence linking them together in a single overall conspiracy") (citations omitted).

[33] Sand, *Modern Federal Jury Instructions*, Instr. 19-5; *see also In re Commodity Exchange, Inc., Gold Futures & Options Trading Litig.*, 328 F.Supp.3d 217, 230 (S.D.N.Y. 2018) (finding episodic coordinated trading and sharing of order flow information were "either inapposite to or inconsistent with" the alleged broader and more comprehensive "fix suppression scheme"); *Sonterra Capital Master Fund Ltd. v. Credit Suisse Group AG*, 277 F. Supp. 3d 521, 557 (S.D.N.Y. 2017) (rejecting allegations of "an overarching CHF LIBOR manipulation conspiracy involving all defendants" from individual acts of trader-based manipulation); *Precision Assocs., Inc. v. Panalpina World Transportation (Holding) Ltd.*, No. 08-cv-42 (JG) (VVP) 2011 WL 7053807, at *27-*30 (E.D.N.Y. Jan. 4, 2011) (sustaining allegations that defendants were involved in multiple conspiracies at different times in different markets but dismissing allegations that they were part of a single, common, and continuing objective of fixing prices in the freight forwarding industry).

continued to act for the entire duration of the conspiracy for the purpose charged in the Indictment – that is, <u>to fix prices and rig bids</u>.

The fact that the members of a conspiracy are not always <u>the same</u> does not necessarily imply that separate conspiracies exist.

On the other hand, if you find that the conspiracy charged in the Indictment did not exist, you cannot find the Defendant guilty of the single conspiracy charged in the Indictment.  This is so even if you find that some conspiracy other than the one charged in this Indictment existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership.[34]

Similarly, if you find that the Defendant was a member of another conspiracy, and not the one charged in the Indictment, then you must acquit the Defendant of the conspiracy charged.[35]

---

[34] Sand, *Modern Federal Jury Instructions*, Instr. 19-5; *see also United States v. Jones*, 482 F.3d. 60, 72 (2d Cir. 2006) ("On the other hand, '[t]he participation of a single common actor in what are allegedly two sets of conspiratorial activities does not establish the existence of a single conspiracy…'") (citing *United States v. Korfant*, 771 F.2d 660, 663 (2d Cir. 1985); *United States v. Macchia*, 35 F.3d 662, 668 (2d Cir. 1994) ("overlap with respect to a number of characteristics, including time frame, geographic locale, participants, and criminal objective" does not necessarily mean that a single conspiracy existed); *United States v. Papadakis*, 510 F.2d 287, 296 (2d Cir. 1975) ("there is no reason why people cannot enter into two separate criminal agreements more or less at the same time."), *cert. denied*, 421 U.S. 950 (1975)); *Precision Assocs., Inc. v. Panalpina World Transportation (Holding) Ltd.*, No. 08-cv-42 (JG) (VVP) 2011 WL 7053807, at *29 (E.D.N.Y. Jan. 4, 2011) ("[S]ome overlapping parties" were insufficient to show that various conspiracies were "formulated pursuant to an overarching scheme to raise prices generally").

[35] Sand, *Modern Federal Jury Instructions*, Instr. 19-5; *see also United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1192 (2d Cir. 1989) (finding the jury was properly instructed that it must acquit if it found multiple conspiracies rather than the single conspiracy alleged in the indictment); *United States v. Blanco*, 861 F.2d 773, 782 (2d Cir. 1988) ("It is a proper instruction in a prosecution charging existence of a conspiracy to stress that the jury may not convict unless there is a finding that the single conspiracy charged existed, and that proof of separate conspiracies is not sufficient.") (citations omitted).

**Defense Proposed Jury Instruction No. 18**
**Second Element: Knowingly Joining And Participating In The Conspiracy**

The second element the government must prove, beyond a reasonable doubt, is that the Defendant joined the conspiracy charged in the Indictment knowingly.  That is, the government must prove that the Defendant joined the conspiracy with the intent to aid or advance the purpose of the conspiracy – <u>fixing prices and rigging bids</u> – and not because of a mistake, accident, or some other innocent reason.

A person may become a member of a conspiracy without full knowledge of all the details of the conspiracy.  It is not necessary that a Defendant be fully informed as to all the details of the conspiracy or its scope in order to be a member.  Knowledge of the essential nature of the plan is enough.

On the other hand, a person who <u>lacks essential knowledge of the claimed conspiracy</u>, but who happens to act in a way that furthers some purpose of the conspiracy, does not thereby become a member of the conspiracy.[36]  Similarly, knowledge of a conspiracy without participation in the conspiracy is also insufficient to make a person a member of the conspiracy.

A person who knowingly and voluntarily joins an existing conspiracy, or participates only in part of a conspiracy with knowledge of the overall conspiracy, is just as responsible as if he had been one of the originators of the conspiracy or had participated in every part of it.

I want to caution you, however, that the Defendant's mere association with one or more members of the conspiracy does not automatically make the Defendant a member.  A person may

---

[36] Sand, *Modern Federal Jury Instructions*, Instrs. 19-6 and 58-10 (modified to conform to prior sentence); *see also Precision Assocs., Inc. v. Panalpina World Transportation (Holding) Ltd.*, No. 08-cv-42 (JG) (VVP) 2011 WL 7053807, at *28 (E.D.N.Y. Jan. 4, 2011) ("While it is true that each co-conspirator need not know the identity of the other co-conspirators, there do need to be allegations that plausibly suggest that each of the defendants was aware of and committed to the essential purpose of the overarching conspiracy.") (citing *United States v. Downing*, 297 F.3d 52, 57 (2d Cir. 2002)).

know, or be friendly with, a criminal, without being a criminal himself.  Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership of the conspiracy.

Your determination whether the Defendant knowingly joined the conspiracy must be based solely on the actions of the Defendant.  You should not consider what others may have said or done.  The membership of the Defendant in the conspiracy must be established by evidence of his own conduct – by what he said or did.

If you find that the Defendant joined the conspiracy, then the Defendant is presumed to remain a member of the conspiracy – and is responsible for all actions taken in furtherance of the conspiracy – until the conspiracy has been completed or abandoned, or until the Defendant has withdrawn from the conspiracy.[37]

---

[37] Sand, *Modern Federal Jury Instructions*, Instrs. 19-6 and 58-10.

**Defense Proposed Jury Instruction No. 19**
<u>**Third Element: Intent To Fix Prices And Rig Bids**</u>

The third element that the government must prove beyond a reasonable doubt is that the Defendant joined the conspiracy with the intent <u>to fix prices and rig bids</u>.[38]

It is thus important to understand what a price fixing conspiracy is. A price fixing conspiracy is an agreement or mutual understanding between two or more competitors to fix, control, raise, lower, maintain, or stabilize the prices charged for products or services. Although a price fixing conspiracy is usually thought of as an agreement among competitors to establish the same price, prices may be fixed in other ways. Prices are fixed if the range or level of prices is agreed upon or if, by agreement, various formulas are used in computing them. Put simply, prices are "fixed" when they are agreed upon. Thus any agreement to fix prices is a price fixing conspiracy.

As I have told you, the goal of every price fixing conspiracy is the elimination of one form of competition – competition over price. Therefore, if you find that the charged price-fixing conspiracy existed, it does not matter whether the prices agreed upon were high, low, reasonable or unreasonable. What matters is that the prices were fixed.

Moreover, it is no defense that the conspirators actually competed with each other in some manner, or that they did not conspire to eliminate all competitors. Every conspiracy to fix prices unlawfully and unreasonably restrains trade regardless of the motives of the conspirators or any economic justification they may offer.

---

[38] Sand, *Modern Federal Jury Instructions*, Instru. 58-12 (modified to conform to the objective charged in the Indictment); *see also United States v. U.S. Gypsum Co.*, 438 U.S. 422, 443 n.20 (1978) ("In a conspiracy, two different types of intent are generally required – the basic intent to agree, which is necessary to establish the existence of the conspiracy, and the more traditional intent to effectuate the object of the conspiracy.").

Similarly, if you find that the Defendant did knowingly and voluntarily enter into the charged agreement to fix prices, you may find the Defendant intended to unreasonably restrain trade even if you find that the Defendant, or any of the other conspirators, did not observe the agreement.  What is important is that the Defendant entered into the agreement charged.  The agreement is the crime, even if it is never carried out.  Of course, if the Defendant never acted in accordance with the agreement, that is evidence that you should consider in determining whether the defendant ever joined the charged conspiracy in the first place.

I caution you, however, that the fact that competitors may have charged identical prices, copied each other's price lists, conformed exactly to another's price policies, or exchanged information about prices does not establish a violation of the Sherman Act unless they did any of these things because of an agreement or arrangement or understanding as alleged in the Indictment.  Therefore, similarity or identity of prices charged does not alone establish the existence of a price fixing conspiracy.  You should consider all of the evidence, giving it the weight and credibility you think it deserves, when determining whether similarity of pricing resulted from independent acts of traders competing freely in the open market or whether it resulted from mutual agreement or understanding between two or more conspirators as alleged in the Indictment.

## Defense Proposed Jury Instruction No. 20
## <u>Exchanges Of Information</u>

Evidence has been introduced concerning the exchange of information among <u>the</u>

<u>Defendant and the other members of the Rand Chat Room</u> about their prices <u>and spreads</u>.  The

exchange of information about price is not, by itself, illegal.  The fact that the Defendant

exchanged such information with competitors does not establish an agreement to fix prices.

There may be other legitimate reasons that would lead competitors to exchange information

about prices, and the law recognizes that exchanges of such information may enhance

competition and benefit customers.  On the other hand, if you find that price information was

exchanged and that there is no reasonable explanation as to why that information was exchanged,

you may consider whether the information was being exchanged as part of an agreement to fix

prices, along with all of the other evidence bearing on whether there was an agreement to fix

prices.[39]

Evidence has also been introduced concerning the exchange of information among the

Defendant and the other members of the Rand Chat Room about certain specific customers and,

in some cases, prices offered to those customers.  That exchange of information, by itself, was

not unlawful.  Moreover, to the extent that a trader used that information unilaterally to refuse to

---

[39] Sand, *Modern Federal Jury Instructions*, Instr. 58-12.1; *see also United States v. Citizens & Southern Nat'l Bank*, 422 U.S. 86, 113 (1975) ("the dissemination of price information is not itself a per se violation of the Sherman Act"); *United States v. U.S. Gypsum Co.*, 438 U.S. 422, 441 n.16 (1978) ("The exchange of price data and other information among competitors does not invariably have anticompetitive effects; indeed such practices can in certain circumstances increase economic efficiency and render markets more, rather than less, competitive.")

do business with a customer in order to protect his own business interests, that action also was not unlawful.[40]

---

[40] *Cement Mfrs. Protective Ass'n v. United States*, 268 U.S. 588, 600-601 (1925) (permitting exchange of customer information among competitors for their individual use to protect their business interests); *Michelman v. Clark-Schwebel Fiber Glass Co.*, 534 F.2d 1036, 1048 (2d Cir. 1976) (holding that "[g]iven the legitimate function of [the creditworthiness of customers], it is not a violation of § 1 to exchange such information, provided that any action taken in reliance upon it is the result of each firm's independent judgment, and not of agreement"); *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 223 (3d Cir. 2011) ("information concerning the creditworthiness of customers can protect competitors from insolvent customers") (citing *Michelman v. Clark-Schwebel Fiber Glass Co.*, 534 F.2d 1036, 1048 (2d Cir. 1976)); *Wall Products Co. v. Nat'l Gypsum*, 326 F. Supp. 295, 314 (N.D. Cal. 1971) ("From this language it is clear that in *Cement Manufacturers* the Supreme Court held lawful, and not in violation of the Sherman Act, an exchange between sellers of price information relating to specific customers, even under circumstances amounting to an agreement, where the purpose of the exchange was to safeguard against fraud and deception, and even though prices might be affected thereby.").

**Defense Proposed Jury Instruction No. 21**
**Statute Of Limitations**

The Indictment in this case was returned on May 10, 2018.  The period of limitations for the conspiracy charged in the Indictment is five years.  This means that you cannot find the Defendant guilty unless the government proves, beyond a reasonable doubt, that the charged conspiracy continued to exist some time after May 10, 2013.

In order to find that the conspiracy continued to exist after May 10, 2013, you must find that one or more of the members of the conspiracy performed some act in furtherance of the conspiracy after May 10, 2013.  Evidence of acts committed before May 10, 2013 is not evidence that any acts in furtherance of the charged conspiracy were committed after that date.[41]

---

[41] Sand, *Modern Federal Jury Instructions*, Instr. 58-11.

**Defense Proposed Jury Instruction No. 22**
**<u>Defense Theory</u>**

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure and *United States v. GAF Corp.*, 928 F.2d 1253, 1262-63 (2d Cir. 1991), the Defendant intends to request an instruction on his defense theories of the case based on the evidence that is presented at trial.  The Defendant reserves the right to submit this proposed instruction at the close of evidence or at any earlier time that the Court reasonably sets as provided in Rule 30.[42]

---

[42] *United States v. Usher*, Final Jury Instructions at 2459:24-6, 17-cr-19-RMB (S.D.N.Y. Oct. 25, 2018) (Berman, J.) (providing final charge as to the defense theory of the case).

## Defense Proposed Jury Instruction No. 23
### Witness Credibility

You have had the opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in that witness's testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

In assessing credibility, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter that may help you to decide the truth and importance of each witness's testimony.

You must now consider whether the witnesses were both truthful and accurate.  A witness could believe that he or she was being truthful, yet be mistaken and not able to recall facts accurately.  Also, a witness could take the oath and still intentionally testify falsely.  How do you determine whether the witness told the truth and whether he or she knew what they were talking about?  It is really just a matter of using your common sense, your good judgment, and your experience.

First of all, consider how good an opportunity the witness had to observe or hear what he or she testified about.  The witness may be honest, but mistaken.  How did the witness's testimony impress you?  Did the witness appear to be testifying honestly, candidly?  Were the witness's answers direct or evasive?  Consider the witness's demeanor, his or her manner of testifying.  Consider the strength and accuracy of the witness's recollection.  Consider whether any outside factors may have affected a witness's ability to perceive events.  Consider the substance of the testimony.  Decide whether or not a witness was straightforward, or whether he or she attempted to conceal anything.  How does the witness' testimony compare with other proof in the case?  Is it corroborated or is it contradicted by other evidence?

If a witness made statements in the past that are inconsistent with his or her testimony during the trial concerning the facts at issue here, you may consider that fact in deciding how much of his or her testimony, if any, to believe.  In making this determination, you may consider whether the witness purposely made a false statement, or whether it was an innocent mistake.  You may also consider whether the inconsistency concerns an important factor or whether it had to do with a small detail, as well as whether the witness had an explanation for the inconsistency, and if so, whether that explanation appealed to your common sense.

How much you choose to believe a witness may be influenced by the witness's bias.  Does the witness have a relationship with the government or the Defendant that may affect how he or she testified?  Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or does the witness have some bias, prejudice, or hostility that may have caused that witness – consciously or not – to give you something other than a completely accurate account of the facts he or she testified to?

In evaluating the credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case.  Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests.  Therefore, if you find that any witness's testimony you are considering may have an interest in the outcome of this trial, then you should bear that in mind when evaluating the credibility of his or her testimony and accept it with great care.  This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.  It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger that any witness may have towards the Defendant.  Evidence that a witness is biased, prejudiced, or hostile toward the Defendant requires you to view that witness's testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

In other words, what you must try to do in deciding credibility is to size a person up in light of the witness's demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in that person's recollection.  In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

It is for you, the jury, and for you alone, not the lawyers, not any of the witnesses, and not me as the judge, to decide the credibility of witnesses who appeared here and the weight which their testimony deserves.[43]

If you find that any witness has willfully testified falsely as to any material fact, which is to say an important matter, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything.  You are not required, however, to consider such a witness as totally unworthy of belief.  And you may accept so much of the witness's testimony as you deem true and disregard what you feel is false.  As the sole judges of the facts, you, the jurors, must

---

[43] *United States v. Stern*, Final Jury Instructions at 198:17-202:3, 1:16-cr-00525-JKG (S.D.N.Y. June 15, 2017), Dkt. 110 (Koeltl, J.).

decide which of the witnesses you will believe, what portion of their testimony you will accept, and what weight you will give it.[44]

---

[44] *United States v. Usher*, Final Jury Instructions at 2462:22-2463:8, 17-cr-19-RMB (S.D.N.Y. Oct. 25, 2018) (Berman, J.) (charging the jury to this effect).

**Defense Proposed Jury Instruction No. 24**
**Plea Agreements**

You have heard testimony from Jason Katz and Chris Cummins, witnesses who are cooperating with the government.  Mr. Katz and Mr. Cummins pleaded guilty to <u>criminal charges</u>.[45]  You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the Defendant or about this trial from the fact that a government witness pleaded guilty to similar charges.  That witness's decision to plead guilty was a personal decision about his own guilt.  It may not be used by you in any way as evidence against or unfavorable to the Defendant on trial.

Under the law, judges have the authority to impose a lesser sentence if a federal prosecutor makes a motion based on assistance a cooperating witness provides in the investigation and prosecution of another person.  By the terms of the agreement, if the government determines that the witness has complied with the terms of the cooperation agreement, the government agrees to bring the witness's cooperation to the attention of the sentencing court.

The government is permitted to enter into these kinds of cooperation agreements.  You should bear in mind that a witness who has entered into such an agreement has an interest in this case different from an ordinary witness.  A witness who believes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely.  Therefore, you must examine the witness's testimony with caution and weigh it with great care.  If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if anything, you think it deserves.

---

[45] *United States v. Stern*, Final Jury Instructions at 204:25-205:8, 1:16-cr-00525-JGK (S.D.N.Y. June 15, 2017), Dkt. 110 (Koeltl, J.) (modified based on plea agreements).

The government argues, as it is permitted to do, that it must take the witness as it finds him.  It argues that only people who themselves have participated in criminal activity have the knowledge required to show criminal behavior by others in that activity.

For those very reasons, the law allows the use of testimony by a cooperating witness.

However, it is also the case, as I have explained, that this testimony of a cooperating witness must be scrutinized with great care and viewed with particular caution when you decide how much of the testimony to believe.

I have given you some general considerations on credibility and I will not repeat them all here.  Nor will I repeat all of the arguments made.  However, let me say a few things that you may want to consider during your deliberations on the subject of a cooperating witness.

You should ask yourselves whether the cooperating witness believes he would benefit more by lying, or by telling the truth.  Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely?  Or did he believe that his interests would be best served by testifying truthfully?  If you believe that a witness was motivated by hopes of personal gain, was the motivation one which would cause the witness to lie, or was it one which would cause the witness to tell the truth?  Did this motivation color the witness's testimony?

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the testimony of the cooperating witnesses.

**Defense Proposed Jury Instruction No. 25**
**Leniency Agreements**

You have also heard testimony from Nic Williams.  Mr. Williams's employer, Barclays, has entered into a leniency agreement with the government.  This agreement provides that covered employees, who are required to provide "full, continuing and complete cooperation," will not be prosecuted criminally by the government for any defined act or offense committed prior to the date of the leniency agreement.  A covered employee who "fails to comply fully with his obligations" under the leniency agreement loses his guarantee of nonprosecution.  The wisdom or propriety of the policy permitting the government to enter into leniency agreements is not a proper matter for you to consider.  Such agreements are permissible.  In evaluating Mr. Williams' testimony, you should consider the extent, if any, to which or whether Mr. Williams' testimony may have been influenced by the promise, if any, that Mr. Williams would not be prosecuted criminally by the government.

You should bear in mind that testimony from such a witness is always to be received with caution and weighed with great care.[46]

---

[46] ABA Section of Antitrust Law, *Model Criminal Antitrust Jury Instructions*, Instru. 4-C-4 (2009) (providing specific instruction as to witnesses who have entered into nonprosecution and cooperation agreements).

**Defense Proposed Jury Instruction No. 26**
**Impeachment By Prior Inconsistent Statements**

You have heard evidence that a witness made a statement on an earlier occasion that counsel argues is inconsistent with the witness's trial testimony.  Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the Defendant's guilt.  Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself.  If you find that the witness made an earlier statement that conflicts with his trial testimony you may consider that fact in determining how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.[47]

---

[47] Sand, *Modern Federal Jury Instructions*, Instr. 7-19.

**Defense Proposed Jury Instruction No. 27**
**Defendant's Right Not To Testify**

Under our Constitution, a defendant has no obligation to testify or to present any other evidence because it is the government's burden to prove that a defendant is guilty beyond a reasonable doubt.  That burden remains with the government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

The Defendant did not testify in this case.  You may not attach any significance to the fact that the Defendant did not testify.  You may not draw any adverse inference against the Defendant because the Defendant did not take the witness stand.  You may not consider this against the Defendant in any way in your deliberations in the jury room.[48]

---

[48] *United States v. Stern*, Final Jury Instructions at 206:9-21, 1:16-cr-00525-JGK (S.D.N.Y. June 15, 2017), Dkt. 110 (Koeltl, J.).

**Defense Proposed Jury Instruction No. 28**
**Witness Preparation**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witness appeared in court.  Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have an opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the court's time.  In fact, it could be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the facts or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.[49]

---

[49] *United States v. Stern*, Final Jury Instructions at 206:22-207:10, 1:16-cr-00525-JGK (S.D.N.Y. June 15, 2017), Dkt. 110 (Koeltl, J.).

**Defense Proposed Jury Instruction No. 29**
**<u>Number Of Witnesses</u>**

The number of witnesses testifying concerning any particular matter is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.  By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible.  You also have to decide which witnesses to believe and which facts are true.  To do this you must look at all the evidence, drawing upon your own common sense and personal experience.

I have already instructed you on the criteria for evaluating the credibility of witnesses. You should keep in mind that the burden of proof is always on the government and the Defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.[50]

---

[50] *United States v. Stern*, Final Jury Instructions at 210:8-23, 1:16-cr-00525-JGK (S.D.N.Y. June 15, 2017), Dkt. 110 (Koeltl, J.).

**Defense Proposed Jury Instruction No. 30**
**Expert Witnesses**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.[51]

---

[51] Sand, *Modern Federal Jury Instructions*, Instr. 7-21.

**Defense Proposed Jury Instruction No. 31**
**Testimony As Both Expert And Lay Witness**

You have heard the testimony of Jason Katz, Chris Cummins, Nicholas Williams, and others who testified to both facts and opinions.  You should consider each of those types of testimony separately, and give them the proper weight.

As to the testimony about facts, you should consider the factors that I discussed earlier in these instructions about how to weigh the credibility of witnesses.

As to the testimony that includes opinions, you may consider the witness's qualifications, his opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his opinion.  Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

Again you may give both the fact testimony and the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.[52]

---

[52] Sand, *Modern Federal Jury Instructions*, Instr. 7-24.

**Defense Proposed Jury Instruction No. 32**
**<u>Law Enforcement Witnesses</u>**

You have heard the testimony of a law enforcement official.  The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.[53]

---

[53] Sand, *Modern Federal Jury Instructions*, Instr. 7-16.

**Defense Proposed Jury Instruction No. 33**
**<u>Charts And Summaries</u>**

The government and the defense have both presented exhibits in the form of charts and summaries.  I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and unnecessary inconvenience.  You should consider the charts and summaries admitted into evidence as you would any other evidence and assign to them the weight you believe appropriate.[54]

---

[54] Sand, *Model Federal Jury Instructions*, Instr. 5-12.

**Defense Proposed Jury Instruction No. 34**
**<u>Demonstrative Charts And Summaries – Not Admitted</u>**

Certain charts and summaries have been shown to you in order to help you understand the facts disclosed by the books, records, and other documents which are in evidence in the case. They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts shown by the evidence in this case, you should disregard these charts and summaries and determine the facts from the underlying evidence.[55]

---

[55] Sand, *Model Federal Jury Instructions*, Instr. 5-13.

**Defense Proposed Jury Instruction No. 35**
**Publicity And Contact With Others**

Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions.  You must completely disregard any report that you have read in the press, seen on television or the Internet, or heard on the radio.  Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them away.  In short, it would be a violation of your oath as jurors to allow yourself to be influenced in any manner by such publicity.[56]

During your deliberations, you should not discuss, or provide any information about, the case with anyone.  This includes discussing the case in person, in writing, by phone, or by any electronic means, via text messaging, e-mail, Facebook, LinkedIn, Twitter, blogging, or any Internet chat room, website, or other feature.  In other words, do not talk to anyone on the phone or in person, correspond with anyone, or communicate by electronic means about this case with anyone except your fellow jurors and then only while you are in the jury room.

If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the Court as soon as possible.

Along the same lines, you should not try to access any information about the case or do research on any issue that arose during the trial from any outside source, including dictionaries, reference books, or anything on the Internet.  Information that you may find on the Internet or in a printed reference might be incorrect or incomplete.  In our court system, it is important that you

---

[56] Sand, *Modern Federal Jury Instructions*, Instr. 2-17.

not be influenced by anyone or anything outside this courtroom.  Your sworn duty is to decide

this case solely and wholly on the evidence that was presented to you in this courtroom.[57]

---

[57] Sand, *Modern Federal Jury Instructions*, Instru. 2-20.

**Defense Proposed Jury Instruction No. 36**
<u>**Concluding Instructions: Punishment, Duty To Deliberate, Communications With Court,**</u>
<u>**And Unanimous Verdict**</u>

That almost completes my instructions.  I will close briefly with final directions as to how you are to arrive at your verdict.

The evidence presented has raised factual issues which you must decide as a trier of the facts, and you must resolve those issues solely on the basis of the evidence you have heard or the lack of evidence and my instructions on the law.  Your sworn duty is to determine whether the Defendant is guilty or not guilty solely on the basis of the evidence or lack of evidence and my instructions on the law.

Again, I remind you, you must not be influenced by sympathy or by any assumption, conjecture or inference stemming from personal feelings, the nature of the charges or your view of the relative seriousness or lack of seriousness of the alleged crime.

I caution you that under your oath as jurors you are not to consider the punishment that may be imposed upon the Defendant if he is convicted.  The duty of imposing a sentence in the event of conviction rests exclusively upon me.  Your function is to weigh the evidence in the case and to determine the guilt or nonguilt of the Defendant solely upon the evidence and the law which I have given to you and which you must apply.

Each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors.  This is the very purpose of jury deliberation.  It is your duty to discuss the evidence.  If you have a point of view and after reasoning with other jurors it appears that your own judgment is open to question, then, of course, you should not hesitate in yielding your original point of view if you are convinced that the opposite point of view is really one that satisfies your judgment and conscience.  However, you are not to give up a point of view that

- 54 -

you conscientiously believe in simply because you are outnumbered or outweighed.  You should

vote with the others only if you are convinced on the evidence and the facts and the law that is

the correct way to decide the case.

We have made a record of these proceedings.  If any of you wish at any time to have any

part of the testimony provided to you, then simply have the foreperson send me a note, dated and

with the time, to that effect, and we will comply with your request as quickly as we can.  I am

not suggesting that you must or should do this.  I am simply saying that it is a service we can

make available to you.  It would be helpful in the case of such a question if your note is as

precise as possible so that we can know exactly what it is that you need.  It does take time for the

court reporter to find testimony in the transcript.  Therefore, please be patient if you send a note

and there seems to be a delay in our response to you.  Finally, if you do send me any notes,

however, please make sure you do not give any indication of your present state of thinking on

any disputed issue; particularly you must not inform me of your vote count on any issue.  The

foreperson should sign any notes that you send to me.

In the course of your deliberations, you have the right to review any of the exhibits that

have been received in evidence.  If you wish to see any of these exhibits, simply have your

foreperson send me a note requesting the exhibits you wish to see.  Again, however, I stress that

no note should give me any indication of your thinking on any disputed issue or on your verdict.

Your verdict will and must be announced only in open court at the end of your

deliberations.  Your verdict must be by a unanimous vote of all of you.[58]

---

[58] *United States v. Stern*, Final Jury Instructions at 211:12-213:24, 1:16-cr-00525-JGK (S.D.N.Y. June 15, 2017), Dkt. 110 (Koeltl, J.).

Dated: October 1, 2019
New York, New York

By:     /s/ Martin Klotz
WILLKIE FARR & GALLAGHER LLP
Martin Klotz
Joseph T. Baio
Jocelyn M. Sher
Samuel M. Kalar
787 Seventh Avenue
New York, New York 10019
T: (212) 728-8000

*Attorneys for Defendant Akshay Aiyer*