

**U.S. Department of Justice**

Antitrust Division

---

*New York Office*
*26 Federal Plaza, Room 3630*
*New York, New York 10278*

October 10, 2019

**BY ECF**

The Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:   *United States v. Aiyer*, 18-cr-00333 (JGK)

Dear Judge Koeltl:

    The government writes to make the below objections to Defendant's October 1, 2019 proposed examination of prospective jurors (ECF No. 124). Our objections, by section, are as follows:

**Outline of the Case**

Proposed Narrative No. 1:

    The government does not object to the content of the proposed narrative, however submits that its proposed narratives of the case (Introduction Narrative Nos. 1-3) are simpler and more balanced.

Proposed Narrative No. 2:

    The government objects to the proposed language, "Mr. Aiyer denies the charge" because it is irrelevant. To the extent the Court allows Defendant's proposed Narrative No. 1, the substance of this statement is adequately captured by "the Defendant has pleaded not guilty and is presumed innocent."

**Questions Relating to the Parties**

Proposed Narrative No. 1:

    The government objects to the proposed language because it is inaccurate. The case is being prosecuted by Trial Attorneys from the United States Department of Justice, Antitrust Division.

**Questions Relating to the Nature of the Case**

Proposed Question No. 2:

The government objects to the second sentence of the proposed question because it is duplicative. Language about burden shifting and reasonable doubt is adequately captured by Defendant's Proposed Question No. 1 in this section.

Proposed Question No. 4:

The government objects to the proposed question on if a prospective juror "at this point in time" has "any opinion" about "whether the defendant is guilty of the crime charged" because it is overly broad and vague. Moreover, the substance of this question is adequately addressed in either the government's or Defendant's proposed introduction or Outline of the case.

Proposed Question No. 5:

The government objects to this proposed question about whether the fact the defendant was charged with a crime makes a prospective juror "feel that he must have done something wrong or else he wouldn't have been charged" because it is duplicative. Both our proposed Introduction Narrative No. 1. and Defendant's proposed Outline of the Case Narrative No. 1 address the thrust of this question and in a simpler and more balanced manner.

Proposed Question No. 8:

The government objects to the proposed question about whether a prospective juror has "any strongly held opinions or feelings about large banks" because it is overly broad and vague.

Proposed Question No. 9:

The government objects to the proposed question about whether a prospective juror has "any opinions about traders at large banks" because it is overly broad and vague.

Proposed Question No. 11:

The government objects to the proposed question about whether a prospective juror has "any strongly held opinions about the last financial crisis" because it is irrelevant, overly broad, and vague.

Proposed Question No. 12:

The government objects to the proposed question about whether a prospective juror has "any strongly held opinions about money made by people working in the financial services industry" because it is irrelevant, prejudicial, overly broad, and vague.

Proposed Question No. 13:

The government objects to the proposed question on whether a prospective juror has "ever experienced investment losses that have affected your view of the financial services industry" because it is overly broad and vague.

Proposed Question No. 18:

The government objects to the form of this question not the content.  The government submits the question would be simpler and clearer if posed in the positive not the negative.

**General Questions**

Proposed Question No. 7:

The government objects to the form of this question not the content.  The government submits the question would be simpler and clearer if posed in the positive not the negative.

                               Respectfully submitted,

                               /s/ Kevin Hart

                               Kevin B. Hart
                               David Chu
                               Katherine J. Calle
                               Eric C. Hoffmann

                               U.S. Department of Justice
                               Antitrust Division
                               New York Office
                               26 Federal Plaza, Room 3630
                               New York, NY 10278
                               212-335-8000