

**U.S. Department of Justice**

Antitrust Division

*New York Office*

26 Federal Plaza, Room 3630   212/335-8000
New York, New York 10278-0004   Fax 212/335-8023

October 10, 2019

**BY ECF**
The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:    United States v. Akshay Aiyer, 1:18-CR-333 (JGK)

Dear Judge Koeltl:

The government writes to make the below objections to Defendant's October 1, 2019 proposed jury instructions (ECF No. 123).

### Instruction No. 7 – Jury to Consider Only the Defendant

The government does not object in substance to this instruction, but notes that similar legal principles are expressed in the government's proposed instructions regarding witnesses who have non-prosecution agreements (Request No. 17), who have pled guilty (Request No. 18), and who are not on trial (Request No. 20).

### Instruction No. 8 – The Sherman Act

The government does not object in substance to this instruction but notes that it is duplicative of the first paragraph of government Request No. 2.

### Instruction No. 9 – Summary of Indictment

The government requests that its instruction, Request No. 2 – Summary of the Indictment, be used in lieu of Defendant's. The government's instruction is simpler, more balanced, and accurately reflects the grand jury's charging language.

Substantively, the government makes the following objections to Defendant's proposed instruction.

As to the first four paragraphs, the government does not object to these paragraphs to the extent that they reflect the Court's usual instructions regarding the nature of an indictment.

However, the government objects to Defendant's repeated reference to "the single offense" and "a single count." The notion of a single offense is sufficiently captured by stating once that the indictment contains one count. Repetition of the fact that Defendant is charged with one count promotes Defendant's duplicity (*see* Def.'s Mot. to Dismiss the Indictment as Duplicitous, ECF No. 47) and multiple-conspiracies theories.

As to the fifth paragraph, the government objects to Defendant's characterization of the charged conduct. This instruction should track the charging language returned by the grand jury. (Indictment ¶¶ 20–21, ECF No. 1.) Defendant's proposed instruction deviates significantly from this language. For instance, the phrase "together with three other foreign exchange traders at competing banks" inaccurately suggests that the government carries a burden with respect to those three other individuals. The indictment charges Defendant with conspiring with others, known and unknown to the grand jury. (Indictment ¶ 20.) The government need only prove that Defendant entered into an agreement with some other individual or individuals to fix price and rig bids for CEEMEA currencies.

The government also objects to Defendant's addition of the phrase "single, continuing" to this instruction and elsewhere. The government opposes this language on three grounds: (1) the singular nature of the conspiracy charged is inherent in the fact that there is one charge in the indictment; (2) the continuity of the conspiracy is embraced by the nature of conspiracy and the jury will be instructed on the general nature of conspiracy; and (3) the inclusion of such qualifiers, given the presence of the other instructions on the nature of conspiracy, is unnecessary and confusing to the jury. Defendant's repeated use of the phrase "single, continuing" is simply his way of advancing his multiple-conspiracies theory and renders the instruction unbalanced. *See United States v. Russo*, 74 F.3d 1383, 1393 (2d Cir. 1996) ("A defendant is entitled to a jury instruction on a defense theory 'for which there is any foundation in the evidence,' *United States v. Alfonso-Perez,* 535 F.2d 1362, 1365 (2d Cir. 1976) (citations omitted), but he is not entitled to have the exact language he proposes read to the jury. *United States v. Dyman,* 739 F.2d 762, 771 (2d Cir. 1984), *cert. denied,* 469 U.S. 1193, 105 S. Ct. 969, 83 L.Ed.2d 973 (1985). The trial court enjoys broad discretion in crafting its instructions which is only 'circumscribed by the requirement that the charge be fair to both sides.'" *United States v. GAF Corp.,* 928 F.2d 1253, 1263 (2d Cir. 1991)).

### Instruction No. 10 – Elements of the Offense

The government submits that its proposed instruction, Request No. 3 – Elements of the Sherman Act Offense Charged, adequately instructs the jury on this point and should be used instead of Defendant's. As to the substance of Defendant's proposed instruction, the government makes the following objections.

The first paragraph of Defendant's proposed instruction, which describes the indictment, is duplicative of the preceding instruction, Instruction No. 9 – Summary of Indictment. Accordingly, it should be omitted in its entirety. *See United States v. Assi*, 748 F.2d 62, 65 (2d Cir. 1984) ("The purpose of jury instructions is to inform the jury clearly and succinctly of the role it is to play and the decisions is must make. We have previously recognized that repetitious

and unnecessarily long charges are confusing to a jury, and prevent it from grasping and applying the law to its clear and independent determination of the facts.") (citations omitted)).

Next, the government objects to Defendant's statement of the elements of the offense. As to the first element, that the conspiracy existed, the government objects to the Defendant's addition of the word "actually" as unnecessary. The government also objects to Defendant's use of the word "during," which should be changed to "at or about" to accurately state the grand jury's charge and the government's burden.

As to Defendant's statement of the second and third elements, the government objects to Defendant's misleading creation of two *mens rea* elements. In order to prove the charged offense, as to Defendant's intent, the government need only prove that he knowingly joined the alleged conspiracy to fix prices and rig bids of CEEMEA currencies. *United States v. Koppers Co.*, 652 F.2d 290, 295 (2d Cir. 1981) (holding that district judge "properly instruct[ed] the jury in unequivocal terms that an essential element of the crime was a conscious agreement between the defendants to submit collusive, rigged bids . . . which meant that they must be found to have acted 'voluntarily and intentionally'"); *id.* at 295 n.6 (affirming district court's instruction permitting jury to convict if it found that "the defendant had known the objective of the conspiracy to rig bids and had intentionally become a member of it"); *see also* Sept. 24, 2019 Hr'g Tr. 9:24–10:1 ("The specific intent that is required is the intent to enter into the conspiracy to fix prices or rig bids."). Accordingly, the appropriate articulation of the second element is that the Defendant knowing joined (or became a member of) the conspiracy. Defendant's third element should be stricken in its entirety.

Finally, the Defendant does not include the requisite element of impact on interstate commerce, which is an element that the government must prove.

### Instruction No. 11 – First Element: The Conspiracy Charged in the Indictment Existed

The government submits that its proposed instructions, Request No. 4 – Conspiracies Generally and Request No. 5 – Price Fixing and Bid Rigging, adequately, instruct the jury on this point and should be used instead of Defendant's. As to the substance of Defendant's proposed instruction, the government makes the following objections.

First, the second sentence of the first paragraph is unnecessary and inappropriately advocates for Defendant's theory of the case. *See Russo*, 74 F.3d at 1393. The joint, i.e. not independent, nature of a conspiracy is plain from the remainder of the conspiracy instruction and is also sufficiently addressed in the government's Request No. 5. (*See* ECF No. 122 at 7 ("Evidence of similarity of business practices of the defendant and alleged conspirators, or the fact that they may have charged identical prices for the same products or may have made the same or similar bids, does not alone establish an agreement to fix prices, since such activities may be consistent with ordinary and proper competitive behavior in a free and open market. The defendant and alleged co-conspirators may charge the same or similar prices or make the same or similar bids and such conduct would not violate the Sherman Act, unless you find it was done pursuant to an agreement between two or more conspirators, as alleged in the indictment.").)

Second, the last sentence of the proposed instruction is unnecessary and duplicative. If a multiple-conspiracies instruction is merited based on the evidence at trial, this notion would be captured in such an instruction.

### **Instruction No. 12 – Proof of The Conspiracy – Proving the Agreement**

The government submits that its proposed instruction, Request No. 4 – Conspiracy Generally, adequately instructs the jury on this point and should be used instead of Defendant's. As to the substance of Defendant's proposed instruction, the government makes the following objections.

In the first paragraph, Defendant's insertion of the phrase "members of the Rand Chat Room" to the third sentence is inappropriate because the government's case is not limited to the conduct of the members of the chatroom. As reflected in the government's instruction, the jury may consider "the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the conspirators to act together to accomplish an unlawful purpose." (ECF No. 122 at 4–5.) Moreover, as discussed below, the phrase would mislead the jury about the nature of the charge.

The final two sentences of the first paragraph should be omitted. This statement is derived from a civil case and does not accurately state what the government must prove as to conspiracy in this criminal case. The government must prove that Defendant "agreed to participate in what he knew to be a collective venture directed towards a common goal"; simply put, that he and his co-conspirators "agreed on the essential nature of the plan." *United States v. Eppolito*, 543 F.3d 25, 47 (2d Cir. 2008) (quoting *United States v. Berger*, 224 F.3d 107, 114 (2d Cir. 2000)). Defendant's formulation suggests the Defendant may only be found guilty if he knew the agreement he entered into was unlawful. Ignorance of the law and good faith are not defenses to the crime charged.

The second paragraph should be omitted because it does not meaningfully instruct the jury as to the requisite proof for establishing a conspiracy; it merely articulates one of Defendant's exculpatory theories under the guise of an instruction on the law. Because this paragraph impermissibly applies the law to the facts, in a particularly slanted fashion, it should be omitted. *See United States v. Persico*, 349 F.2d 6, 8 (2d Cir. 1965) ("The purpose of a charge is adequately, yet succinctly, to instruct the jury as to its function, which is the independent determination of the facts, and the application of the law, as charged by the court, to the facts, as found by the jury.").

The third paragraph should be omitted because, like the second, it is not related to the element at issue, or any element at issue, and would mislead the jury. Accordingly, it should be stricken in its entirety. The indictment does not allege that mere membership in a chatroom is a crime, and the government will not make any such argument at trial. The government expects that evidence at trial will in fact show that chatrooms, like telephones, were normal means of communicating in the foreign exchange market. The government has also proposed that the Court instruct the jury that mere information exchanges are not illegal. (*See* ECF No. 122 at 15.)

4

**Instruction No. 13 – Independent Action**

The government submits that its proposed instructions, Request No. 4 – Conspiracy Generally, Request No. 5 – Price Fixing and Bid Rigging, and Request No. 7 – Knowingly Joined, adequately instruct the jury that a Sherman Act violation requires agreement between two or more competitors. These instructions are more balanced than the instruction proposed by Defendant and should be used instead.

**Instruction No. 14 – Conscious Parallelism**

The government submits that its proposed instructions, Request No. 4 – Conspiracy Generally, Request No. 5 – Price Fixing and Bid Rigging, and Request No. 7 – Knowingly Joined, adequately instruct the jury that a Sherman Act violation requires agreement between two or more competitors. The government objects to Defendant's proposed instruction on the following grounds.

First, the "conscious parallelism" instruction merely reiterates the "good faith" or "everyone was doing it" defenses this Court has foreclosed. (Sept. 24, 2019 Hr'g Tr. 10:1–7 ("The government fears that the defendant will use evidence of industry custom or practice and supervisor knowledge to substantiate a 'good faith' argument, which is not a defense, or an 'everyone does it' argument, which is also not a defense. Thus, in a *per se* case, evidence that goes to the specific intent of the defendant to harm competition is inadmissible because it is irrelevant.").)

Second, this instruction is inapposite because the government does not charge that Defendant and his competitors engaged in similar business practices or offered similar prices as one another. The government charges that Defendant and his co-conspirators entered into an agreement to fix prices and rig bids of CEEMEA currencies. This instruction would merely confuse the jury as to the precise behavior the government is charging as unlawful and so should not be given. *See Russo*, 74 F.3d at 1939 (rejecting a proposed instruction that "would have led the jury down the wrong path in determining whether [the charged conduct occurred]" by "misled[ing] the jury into thinking that" a certain defense theory was valid.).

Third, Defendant's reliance on *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (*Twombly*), amongst other cases, further highlights the inappropriateness of a "conscious parallelism" instruction in this case. As a threshold matter, *Twombly* and the five other cases Defendant cites are civil cases. *Twombly* addressed whether an allegation of parallel conduct sufficed to state a claim under Fed. R. Civ. P. 8(a)(2), which is inapplicable to this case. *Id.* at 554-55 ("This case presents the antecedent question of what a plaintiff must plead in order to state a claim under § 1 of the Sherman Act."). Specifically, *Twombly* stated that "[w]ithout more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality. Hence, when allegations of parallel conduct are set out in order to make a § 1 claim, they must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action." *Id.* at 556–57. This analysis has no application to criminal cases. *See United States v. Raniere*, 384 F. Supp. 3d 282, 302 (E.D.N.Y. 2019) (citing with

approval *United States v. Vaughn*, 722 F.3d 918, 926 (7th Cir. 2013), which declined to apply *Twombly* standard to a criminal indictment and noted that no other court has done so either). Indeed, this Court has already ruled that the indictment sufficiently states a Sherman Act violation.

Throughout this instruction, Defendant attempts to invoke "rule of reason" principles, which is inappropriate in this *per se* case. For example, he suggests the following, "In deciding this, you should consider whether the practices employed made sense in light of the industry conditions, and whether the benefits from those practices were dependent on other traders doing the same thing." This sentence invites the jury to consider procompetitive benefits, and the Court has ruled that consideration of procompetitive benefits is inappropriate in this *per se* case. (*See* Sept. 24, 2019 Hr'g Tr. 13:22–24, 14:22–25 ("[I]f the price fixing charges are substantiated, evidence of anticompetitive effects is irrelevant or pro-competitive effects. . . . It is clear that the defendant should not be able to argue that the pro-competitive effects of horizontal bid rigging or price fixing make such practices legal or prevent them from being illegal.").)

### Instruction No. 15 – Unlawful Object Of The Conspiracy: Price Fixing And Bid Rigging

The government submits that its proposed instruction, Request No. 5 – Price Fixing and Bid Rigging, adequately instructs the jury on this point and should be used instead of Defendant's because the government's instruction more comprehensively defines both terms.

Furthermore, Defendant incorrectly states the law. He states that price fixing and bid rigging are "particular types of agreements that must be between competitors and must have no purpose other than eliminating competition in pricing or bidding." (ECF No. 123 at 23.) This statement inappropriately invites the jury to consider the "purpose" of a price fixing agreement, which is explicitly prohibited under well-settled Supreme Court precedent. *See Arizona v. Maricopa Cty. Med. Soc'y*, 457 U.S. 332, 351 (1982) ("The anticompetitive potential inherent in all price-fixing agreements justifies their facial invalidation even if procompetitive justifications are offered for some."); *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 221, 224 n.59 (1940). Although the jury must decide whether the object of the conspiracy was price fixing and bid rigging, it need not conclude that the agreement had "no other purpose than eliminating competition in pricing or bidding."

### Instruction No. 16A – Conduct That Is Not Price Fixing or Bid Rigging

This instruction should be stricken in its entirety. Defendant's arguments, and the government's responses, regarding coordinated trading in the interdealer market and coordinated ruble pricing have been fully briefed in his motions to dismiss and motions *in limine*. His motion to exclude such evidence was denied. (*See* Sept. 24, 2019 Hr'g Tr. 30:1–31:7.)

The government also objects because the proposed instruction is misleading and incorrect as a matter of law. The sole question that will be before the jury is whether a *conspiracy* to fix prices and rig bids existed and whether Defendant knowingly joined it. In determining whether a price fixing and bid rigging conspiracy existed, the jury may consider all evidence probative of

this question, including the various means and methods (lawful and unlawful) that Defendant and his co-conspirators used to effectuate the conspiracy. The government expects that evidence at trial will show that the charged conspiracy was effectuated, in part, through coordinated trading in the interdealer market and coordinated ruble pricing.

At no point will the jury be asked to conclude whether specific means and methods used to effectuate the conspiracy (including coordinated trading in the interdealer market and coordinated ruble pricing) are, standing alone, unlawful or violations of the Sherman Act.

### **Instruction No. 16B – Spoofing and Cancelled Trades**

The government submits that its proposed instruction, Request No. 13 – Limiting Instruction: Spoofing, adequately instructs the jury on this point and should be used instead of Defendant's.

The government does not believe that the Defendant has proposed a reasonable instruction per this Court's invitation at the status conference. (*See* Sept. 24, 2019 Hr'g Tr. 29:22-25.) Defendant's first sentence, "'Spoofing' conduct or cancelled trades do not constitute the charged criminal conspiracy," is misleading. Although the government agrees that spoofing conduct or cancelled trades do not *by themselves* constitute the charged conspiracy, this conduct is "inextricably intertwined with the evidence regarding the charged offense[], and it is necessary to complete the story of the crime on trial." (*See* Sept. 24, 2019 Hr'g Tr. 29:6–12.) Omission of the phrase "by themselves" confuses this point and suggests that the jury cannot consider such evidence as evidence of the charged conspiracy.

### **Instruction No. 17 – Multiple Conspiracies**

The government submits that Defendant's proposed Instruction No. 17 – Multiple Conspiracies, should not be included.

As a threshold matter, the government does not anticipate that the evidence at trial will merit inclusion of a multiple-conspiracies instruction. *See United States v. Mitchell*, 654 Fed. App'x 21, 26 (2d Cir. 2016) ("[I]f only one conspiracy has been alleged and proved[,] the defendant[ ] [is] not entitled to a multiple conspiracy charge . . . .A multiple conspiracies charge is warranted if the defendant shows both that there was evidence of separate networks operating independently of each other and that the defendant suffered substantial prejudice resulting from the failure to give the requested charge." (quotations and citations omitted)).

Furthermore, even if a multiple-conspiracies instruction were merited, Defendant's proposed instruction is inconsistent with the law. Defendant's instruction suggests that if the jury finds that multiple conspiracies existed, it cannot also find that the conspiracy charged in the indictment existed. To the contrary, the jury may find Defendant guilty of the charged conspiracy *and also* conclude that additional conspiracies existed.

### Instruction No. 18 – Second Element: Knowingly Joining and Participating in the Conspiracy

The government submits that its proposed instruction, Request No. 7 – Knowingly Joined, adequately instructs the jury on this point and should be used instead of Defendant's.

As to the substance of Defendant's proposed instruction, the government objects to the sixth paragraph of Defendant's proposed instruction because it misstates the law regarding how the government can prove Defendant's involvement in the conspiracy. The jury is not limited to considering "solely the actions of the Defendant," and it is not forbidden from considering "what others may have said or done." To the contrary, the jury must find that Defendant knowingly joined the conspiracy based on evidence of his own acts or statements, as well as from those of his alleged co-conspirators, and the reasonable inferences which may be drawn from them. *See* Trial Tr. at 1280:16–20, *United States v. Stern*, No. 16-cr-525 (JGK) (S.D.N.Y. May 25, 2017) (Koeltl, J.), ECF No. 110.

### Instruction No. 19 – Third Element: Intent to Fix Prices and Rig Bids

The government submits that its formulation of the definitions of price fixing and bid rigging, contained in Requests No. 5 – Price Fixing and Bid Rigging and Request No. 6 – Proof of Overt Act Unnecessary, should be used. As to the substance of Defendant's proposed instruction, the government makes the following objections.

First, Defendant's proposed instruction lacks instruction as to "bid rigging." The government requests that the Court use the government's proposed instruction on this matter.

Second, in the fourth paragraph, Defendant proposes to instruct the jury that "it is no defense … that they did not conspire to eliminate all competitors." This language is inapposite, as there is no allegation that the conspirators conspired to eliminate competitors from the market.

Third, in the fifth paragraph, the language "intended to unreasonably restrain trade" misstates the *mens rea* the government must prove. The government must prove that the Defendant knowingly entered into an agreement to fix prices and rig bids. Courts have concluded that a price fixing and bid rigging agreement constitutes a *per se* unlawful restraint of trade under the Sherman Act. Thus, whether the Defendant "intended to unreasonably restrain trade" is irrelevant.

Fourth, aspects of the sixth (final) paragraph of Defendant's proposed instruction would be duplicative of, for instance, the summary of the indictment, the definition of conspiracy, and the definition of price fixing.

### Instruction No. 20 – Exchanges of Information

The government submits that its proposed instruction, Request No. 9 – Exchanges of Information, adequately instructs the jury on this point and should be used instead of

8

Defendant's. As to the substance of Defendant's proposed instruction, the government makes the following objections.

First, "the other members of the Rand Chat Room" in the first sentence should be changed to "others" for the same reasons as described above with respect to Defendant's Instruction No. 12.

Second, to be accurate, the third sentence of the first paragraph would have to read, "The fact that the Defendant exchanged such information with competitors does not *alone* establish an agreement to fix prices." Defendant's phrasing suggests that information exchanges are unrelated to the charged conspiracy. This is inaccurate. As alleged in the indictment, information exchange was one of the means and methods by which Defendant and his coconspirators carried out the charged conduct. (Indictment ¶ 22(a), ECF No. 1.)

Third, the fifth sentence of the first paragraph inappropriately suggests that the jury can only consider information exchanges as evidence of the conspiracy when there is "no reasonable explanation" as to why the information was exchanged. As discussed, a conspiracy can be carried out through wholly innocent means, including exchange of information. The jury can consider whether exchanging information furthered the charged conspiracy, regardless of whether there may be a "reasonable" explanation for that information exchange.

Fourth, the second paragraph of Defendant's proposed instruction applies law to fact, effectively stating one of Defendant's legal theories as an instruction. This is improper: the jury should be instructed on the law and allowed to independently apply that law to the facts they find. *See Persico*, 349 F.2d at 8 ("The purpose of a charge is adequately, yet succinctly, to instruct the jury as to its function, which is the independent determination of the facts, and the application of the law, as charged by the court, to the facts, as found by the jury."). Accordingly, this paragraph should be stricken.

### Instruction No. 21 – Statute of Limitations

The government submits that its proposed instruction, Request No. 14 – Statute of Limitations, adequately instructs the jury on this point and should be used instead of Defendant's.

Defendant's instruction contradicts settled Second Circuit law regarding the statute of limitations analysis for conspiracies. As set out in *United States v. Spero*, "[w]here a conspiracy contemplates a continuity of purpose and a continued performance of acts, it *is presumed to exist* until there has been an affirmative showing that it has been terminated[,] and its members continue to be conspirators until there has been an affirmative showing that they have withdrawn." 331 F.3d 57, 60 (2d Cir. 2003).

Thus, Defendant's proposed language, "In order to find that the conspiracy continued to exist after May 10, 2013, you must find that one or more of the members of the conspiracy performed some act in furtherance of the conspiracy after May 10, 2013," is incorrect as a matter of law. Instead, where the government presents sufficient evidence to show a conspiracy that has

9

continuing purposes or goals, the conspiracy is presumed to continue until it is terminated or the defendant withdraws.  *Spero*, 331 F.3d at 60; *see also United States v. Abdur-Razzaaq*, 372 Fed. App'x 212, 215–16 (2d Cir. 2010); *United States v. Garcia*, 282 Fed. App'x 14, 22 (2d Cir. 2008) ("Where a conspiracy does not require proof of an overt act … the conspiracy 'is presumed to exist until there has been an affirmative showing that it has been terminated, and its members continue to be conspirators until there has been an affirmative showing that they have withdrawn.'" (quoting *Sprero*, 331 F.3d at 60)).

The Second Circuit's presumption is consistent with other courts of appeals' treatment of Sherman Act conspiracies.  For example, the Court of Appeals for the Sixth Circuit has held that "[b]ecause the price-fixing agreement itself constitutes the crime, the government is only required to prove that the agreement existed during the statute of limitations period and that the defendant knowingly entered into that agreement. . . . Proof of an overt act taken in furtherance of the conspiracy within the statute of limitations period would clearly demonstrate the continued existence of the conspiracy. However, once a conspiracy has been established, it is presumed to continue until there is an affirmative showing that it has been abandoned."  *United States v. Hayter Oil Co.*, 51 F.3d 1265, 1270–71 (6th Cir. 1995) (citations omitted).  Likewise, the Court of Appeals for the Ninth Circuit has held that an overt act is sufficient, but not necessary, to demonstrate the existence of a Sherman Act conspiracy within the statute of limitations.  *United States v. Miller*, 771 F.2d 1219, 1226 (9th Cir. 1985) ("We discussed the use of evidence of the commission of overt acts . . . as a means of proving that the conspiracy had not expired, rather than as a necessary element of the *corpus delicti* of a conspiracy to violate the Sherman Act."); *see also United States v. Portsmouth Paving Corp.*, 694 F.2d 312, 324 (4th Cir. 1982) ("First, according to Saunders and Portsmouth Paving, the court should have instructed the jury that the Government was required to prove that an overt act in furtherance of the conspiracy occurred within the five-year statute of limitations period set out by 18 U.S.C. section 3282. The proposed instruction, however, is an inaccurate statement of the law. Section 1 of the Sherman Act proscribes agreement alone, and no overt act to further the agreement need be shown.").

### **Instruction No. 24 – Plea Agreements**

The government requests that the Court use the instruction it gave in *Stern* on this issue. Defendant changes the language from "pleaded guilty to charges arising out of similar conduct as charged in this case," to "pleaded guilty to criminal charges."  The jury should be instructed as to what Mr. Katz and Mr. Cummins plead guilty in order to understand the import of this instruction.

In submitting these responses and objections to Defendant's proposed instructions, the government reserves the right to raise additional objections at or near the charging conference.

Respectfully submitted,

/s/ Katherine Calle

Kevin Hart
Katherine Calle
David Chu
Eric Hoffmann

U.S. Department of Justice
Antitrust Division
New York Office
26 Federal Plaza, Room 3630
New York, NY 10278
212-335-8000