```
UNITED STATES DISTRICT COURT                USDC SDNY
SOUTHERN DISTRICT OF NEW YORK               DOCUMENT
                                            ELECTRONICALLY FILED
                                            DOC# _____
UNITED STATES OF AMERICA                    DATE FILED: 11-20-19

        - against -                         18 Cr. 333 (JGK)

AKSHAY AIYER,                               ORDER

                Defendant.
```

JOHN G. KOELTL, District Judge:

The parties should review the attached proposed revision to page 33 and following of the current draft of the jury instructions and be ready to discuss at the conference at 9:00 AM on **November 20, 2019.**

SO ORDERED.

Dated:   New York, New York
         November 19, 2019

                                    _____
                                         John G. Koeltl
                                    United States District Judge

is so even if you find that some conspiracy other than the one charged in the indictment existed; and even though any other conspiracy you may find existed had a purpose and/or membership similar to the conspiracy charged in the indictment.

In this case, the alleged conspiracy was a conspiracy from about as early as October 2010 and continuing until at least July 2013 to suppress and eliminate competition by fixing prices of, and rigging bids and offers for, CEEMEA currencies traded in the United States and elsewhere, through trading on the foreign currency exchange market ("FX market."). As a reminder, CEEMEA is a shorthand for Central and Eastern European, Middle Eastern, and African emerging markets. Therefore, if you find that this conspiracy did not exist, you cannot find the defendant guilty.

In this case, the defendant contends that the Government's proof fails to show the existence of only one overall conspiracy.

Whether there existed a single unlawful agreement, or many such agreements, or indeed, no agreement at all, is a question of fact for you, the jury, to determine in accordance with my instructions.

When two or more people join together to further one common unlawful design or purpose, a single conspiracy exists.

By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes.

You may find that there was a single conspiracy despite the fact that there were changes in either personnel, or activities, or both, so long as you find that some of the co-conspirators continued to act for the entire duration of the conspiracy for the purpose charged in the Indictment. The fact that the members of a conspiracy are not always identical does not necessarily imply that separate conspiracies exist. Likewise, a single conspiracy is not transposed into a multiple one simply by lapse of time.

On the other hand, if you find that the conspiracy charged in the Indictment did not exist, you cannot find the defendant guilty of the single conspiracy charged in the Indictment. This is so even if you find that some conspiracy other than the one charged in this Indictment existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership.

Similarly, if you find that the defendant was a member of another conspiracy, and not the one charged in the Indictment, then you must acquit the defendant of the conspiracy charge.

Therefore, what you must do is determine whether the conspiracy charged in the Indictment existed. If it did, you

must then determine the nature of the conspiracy and who were its members.