U.S. Department of Justice

Antitrust Division

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-23-20

New York Office
*26 Federal Plaza, Room 3630*
*New York, New York 10278*

November 20, 2020

**APPLICATION GRANTED**
**SO ORDERED**

John G. Koeltl, U.S.D.J.

11/20/20

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. Akshay Aiyer*, 18-cr-333 (JGK)

Dear Judge Koeltl:

The United States writes to request permission from this Court for the parties to submit, under seal, redacted versions of the thirteen documents in this case related to allegations of juror misconduct. Once the redacted versions have been filed under seal for the Court's consideration, the United States will move to unseal the redacted documents because the interests of unsealing will outweigh the need to continue sealing. Moreover, some of the sealed information was already made public in the Court's January 15, 2020 Opinion and the Defendant's recent memorandum of law in support of his emergency application to the Second Circuit appealing this Court's denial of bail pending appeal (ECF No. 201). *See United States v. Aiyer*, No. 20-3594, ECF No. 29 ("Def. Motion").

The parties are presently conferring on appropriate redactions to remove personally identifiable information ("PII") from the documents and protect the privacy interests of the jurors. The parties hope to come to an agreement on proposed redactions for all thirteen documents. Ultimately, the Government will seek to unseal the redacted versions so that it may fully and appropriately respond to Defendant's appeal without violating the Court's Sealing Order—particularly during the hearing scheduled on December 1, 2020, before the Second Circuit on Defendant's bail motion.

**Juror Misconduct Allegations**

On November 20, 2019, the jury returned a guilty verdict against Defendant for one count of conspiracy in restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. As this Court explained in its publicly filed order (ECF No. 201), shortly after the jurors returned their guilty verdict, the Court received a letter from Juror No. 6. The letter contained allegations of juror misconduct. Throughout December 2019, the parties sent a series of sealed letters to the Court explaining their views on the issue. To ensure a complete record, the parties jointly moved to place the sealed correspondence to the Court on the record (ECF No's. 242 and 253). On December 13, 2019, the Court,

with both parties present, conducted a confidential interview of Juror No. 3 to investigate the allegations of misconduct.

The thirteen documents concerning alleged juror misconduct are currently under seal (ECF No's. 184–192). On January 13, 2020, the Court published an Opinion (one sentence of the Opinion was amended on January 15, 2020) declining to conduct any further inquiries into the alleged juror misconduct and finding no basis to vacate the jury's guilty verdict (ECF No's. 199–201).

**Defendant's Request to Continue Bail Pending Appeal**

On September 17, 2020, this Court imposed an eight-month term of imprisonment, two years of supervised release, and a $150,000 fine, and ordered Defendant to surrender on December 4, 2020 (ECF No. 256). On October 7, 2020, Defendant moved to continue bail pending appeal (ECF No. 260). The Court denied this motion on November 12, 2020 (ECF No. 274).

On November 16, 2020, Defendant filed an emergency application to the Second Circuit for bail pending appeal. Among the arguments in his memorandum of law in support of his motion, Defendant argued that "the district court erred in prematurely terminating its investigation of severe juror misconduct," and this error presented a "substantial question" that would support continuing his release on bail pending appeal. Def. Mot. at 9–11. Defendant attached, under seal, four of the thirteen sealed exhibits bearing on the juror misconduct discussed in his motion. *See id.* Ex. J, Ex. K, Ex. L, Ex. M. Defendant's memorandum also quoted directly from Juror No. 3's letter to the Court. *See, e.g. id.* at 15. These portions of the letter, and some others cited by Defendant, were disclosed in the Court's public Opinion from January 15, 2020. *See* ECF No. 201 at 2–3. However, Defendant also cited portions of the still-sealed transcript of the Court's interview of Juror No. 3, and also to other sealed information to support his claim. Def. Mot. at 16. Defendant's motion discloses details of the juror interview, and the Court's reasoning, which arguably go beyond what was contained in the Court's public Opinion. *See e.g. id* (citing Juror Interview Transcript (Ex. M) at 12:9-12). Defendant's argument quotes from portions of the still-sealed documents in support of his proposition that the District Court's "Pretermitted Disposition" of the juror misconduct issue constitutes not only a "serious question" for bail purposes but also an "unprecedented and reversible error." Def. Mot. at 19, 28.

The Government understands that Defendant does not oppose unsealing versions of the thirteen documents relating to the juror misconduct issue subject to appropriate redactions. Allowing the parties to confer about, and hopefully agree on appropriate redactions, and then unsealing the redacted versions of the thirteen documents, will satisfy the twin goals of providing the public access to the material while still protecting the privacy interests of jurors. This procedure will also ensure that any additional public filings or oral argument do not implicate the Court's Sealing Order or compromise the jurors' privacy interests.

As the United States plans to argue in a forthcoming Motion to Unseal, the interests of unsealing the thirteen redacted documents related to alleged juror misconduct will outweigh the need to continue sealing the material. Therefore, the Government will request that, after due consideration of the proposed redactions, the Court unseal the redacted versions of the thirteen documents.

    Here, in order to accomplish the desired unsealing in a careful and orderly fashion, the Government first requests permission to file, under seal, redacted versions of the thirteen documents at issue.

                                              Respectfully submitted,

                                              /s/ Philip Andriole

                                              Kevin Hart
                                              Mary Helen Wimberly
                                              Eric C. Hoffmann
                                              Philip Andriole

                                              U.S. Department of Justice
                                              Antitrust Division
                                              26 Federal Plaza, Room 3630
                                              New York, New York 10278
                                              (212) 824-1238

cc: All counsel of record (via email)